KENNICK & ASSOCIATES
110 E. WILSHIRE AVE., SUITE 401
FULLERTON, CA 92832
TELEPHONE: (714) 992-6600
FACSIMILE: (714) 992-6602

MICHAEL T. KENNICK, CBN 132406
mkennick@kennicklaw.com
JOHN C. ELLIS, CBN 217813
jellis@kennicklaw.com

KAREN TYNAN, ATTORNEY AT LAW
1083 VINE STREET, #201
HEALDSBURG, CA 95448
TELEPHONE: (707) 395-0062
FACSIMILE: (707 526-1716

KAREN TYNAN, CBN 217775
dktynan@comcast.net

Attorneys for Defendants, CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINK.COM; KINK STUDIOS, LLC; CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; and HOGAN KARL aka VAN DARKHOLME

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; HOGAN KARL aka VAN DARKHOLME, and DOES 1 through 50, inclusive,<br><br>    Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)—DIVERSITY JURISDICTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*Complaint Filed: 4-28-15*<br>*First Amended Complaint Filed: 6-30-15* |

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

**PLEASE TAKE NOTICE THAT** Defendants, CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINK.COM; KINK STUDIOS, LLC; CYBERNET

ENTERTAINMENT, LLC, erroneously sued as KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; and HOGAN KARL aka VAN DARKHOLME ("Defendants") hereby remove to this Court the action entitled *Doe v. Kink.Com, et al.*, Case No. CGC-15-545550 (the "State Court Action") from the Superior Court of the State of California, County of San Francisco, in which it is now pending. In support of this Notice, Defendant states as follows:

### Statement of Removal

1. On or about April 28, 2015, Plaintiff John Doe ("Plaintiff") filed the State Court Action, naming KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH and VAN DARKHOLME as defendants ("Complaint").

2. On June 22, 2015, Defendant HOGAN KARL aka VAN DARKHOLME was served with the Summons and Complaint in the State Court Action. A true and correct conformed copy of the Complaint is attached hereto as Exhibit 1. A true and correct copy of the Summons is attached hereto as Exhibit 2. The Proof of Service of Summons is attached hereto as Exhibit 3.

3. On June 23, 2015, defendants, CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINK.COM; KINK STUDIOS, LLC; CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC and PETER ACWORTH were served. The Proof of Service of Summons regarding these defendants are collectively attached as Exhibit 4.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and foreign states, and the amount in controversy exceeds the sum of $75,000.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely since it is filed within thirty (30) days of the Defendants being served with the Complaint.

///

### Citizenship of the Parties

5. Plaintiff alleges complete diversity from all Defendants.

6. Defendants are informed and believe, and Plaintiff alleges, that Plaintiff John Doe is a resident and citizen of the State of New York. *Complaint*, ¶ 1.[1]

7. The named defendants, all located in California, have complete diversity from Plaintiff.

8. Defendant CYBERNET ENTERTAINMENT, LLC is allegedly "a Limited Liability Company registered to do business in the State of California…CYBERNET maintains a headquarters at 1800 Mission Street, San Francisco, California." *Complaint*, ¶ 2.

9. Defendant CYBERNET ENTERTAINMENT, LLC erroneously sued as KINK.COM is allegedly "a corporation duly organized and existing under and by the virtue of the state laws of the State of California…Defendant KINK.COM maintains a headquarters at 1800 Mission Street, San Francisco, California." *Complaint*, ¶ 3.

10. Defendant KINK STUDIOS, LLC is allegedly "a corporation duly organized and existing under and by the virtue of the state laws of the State of California…Defendant Kink Studios maintains a headquarters at 1800 Mission Street, San Francisco, California." *Complaint*, ¶ 4.

11. Defendant CYBERNET ENTERTAINMENT, LLC erroneously sued as KINKMEN.COM is allegedly "a corporation duly organized and existing under and by the virtue of the state laws of the State of California…Defendant KINKMEN maintains a headquarters at 1800 Mission Street, San Francisco, California." *Complaint*, ¶ 5.

12. Defendant ARMORY STUDIOS, LLC is allegedly "a corporation duly organized and existing under and by the virtue of the state laws of the State of California…Defendant ARMORY maintains a headquarters at 1800 Mission Street, San Francisco, California." *Complaint*, ¶ 6.

---

[1] On 6-30-15, Plaintiff filed a First Amended Complaint. All paragraph references herein are to the original Complaint.

13. Defendant PETER ACWORTH allegedly "works and resides in San Francisco, California. *Complaint*, ¶ 10.

14. Defendant HOGAN KARL aka VAN DARKHOLME allegedly "at all relevant times referenced herein…worked and resided in San Francisco, California. *Complaint*, ¶ 13.[2]

**Amount in Controversy**

15. Plaintiff's original Complaint alleges causes of action against Defendants for 1) Negligence, 2) Negligence Per Se, 3) Intentional/Fraudulent Misrepresentation, 4) Civil Conspiracy to Commit Intentional/Fraudulent Misrepresentation, 5) Breach of Implied Covenant of Good Faith and Fair Dealing, 6) Negligent Supervision, 7) Negligent Hiring and/or Retention and 8) Intentional Infliction of Emotional Distress.[3]

16. It is facially apparent from the Complaint and the nature of Plaintiff's claims against Defendant therein, that the claims exceed $75,000. *See, e.g. Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (finding the jurisdictional amount satisfied based on a tort theory of recovery in which plaintiff alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework). Here, Plaintiff alleges tort damages and punitive damages for emotional distress and battery. While these amounts cannot be directly quantified from the Complaint, such alleged damages in a personal injury action typically far exceed the jurisdictional amount of $75,000. *Complaint*, ¶ 68, Prayer for Relief, ¶4.

17. Plaintiff specifically alleges that he was a model hired by the Defendants (*Complaint*, ¶ 27), and from November 7, 2011 to May 3, 2013, he performed for Defendants in pornographic videos. (*Complaint*, ¶ 23). On June 3, 2013, Plaintiff learned that he was HIV positive. (*Complaint*, ¶ 49) Plaintiff alleges he contracted HIV at a May 3, 2013 video shoot. (*Complaint*, ¶ 51).

---

[2] In the original Complaint, Plaintiff named defendant Van Darkholme. Plaintiff's First Amended Complaint amends this party's name to "Hogan Karl aka Van Darkholme."

[3] Plaintiff's First Amended Complaint adds two causes of action, Premises Liability and Battery.

18. Plaintiff alleges "[a]s a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered damages in the form of physical harm when he contracted HIV while performing at the May 3, 2013 shoot. Plaintiff has incurred and will continue to incur significant costs for medical treatment, medications, and all other related expenses for the treatment of his contracted illness." *Complaint*, ¶ 158.

19. Plaintiff alleges "[a]s a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered damages including, but not limited to, past and future lost earnings and medical and/or psychological treatment expenses…" *Complaint*, ¶ 159.

20. Plaintiff alleges "[a]s a further direct and proximate result of the aforementioned conduct of said Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but not limited to, great depression and embarrassment amongst members of the community and family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear, humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general damage… *Complaint*, ¶ 160.

21. Plaintiff alleges punitive damages. *Complaint, at Prayer for Relief*.

22. Based on the allegations set forth in the Complaint, it is apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. ("This Court has held that 'once a defendant is able to show that the amount in controversy exceeds the jurisdictional amount, removal is proper, provided plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated.'") (*citing De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995).

### Removal Procedures

23. Removal is properly made to the United States District Court for the Northern District of California because the Superior Court of the State of California, County of San Francisco, where the State Court Action is currently pending, is within the Northern District of California.

24.    The United States District Court for the Northern District of California has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1)-(4) because the matter in controversy exceeds the sum of $75,000, exclusive of intst and costs, and the action is between citizens of different states, namely California and New York.

25.    A copy of this notice will be filed with the Clerk of the Superior Court for the State of California, County of San Francisco, and Plaintiff, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant respectfully requests removal of this action from the Superior Court of the State of California, County of San Francisco, to the United States District Court for the Northern District of California.

**DEFENDANTS DEMAND JURY TRIAL**

DATED:  July 22, 2015

By:    */s/ Michael T. Kennick*
Michael T. Kennick, Esq.
KENNICK AND ASSOCIATES
Attorneys for Defendants, CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINK.COM; KINK STUDIOS, LLC; CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; HOGAN KARL aka VAN DARKHOLME

# PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 110 E. Wilshire Ave., Suite 401, Fullerton, California, 92832.

On **7-22-15**, I served the foregoing document described as

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441(b)—DIVERSITY JURISDICTION**

**DEMAND FOR JURY TRIAL**
on the interested parties in this action:

[X] By placing true copies thereof enclosed in sealed envelopes addressed as stated on the attached service list;

[X] **VIA U.S. MAIL:** The envelopes were sealed and mailed with postage thereon, fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, the envelope was deposited with the United States Postal Service in Fullerton, California in the ordinary course of business; and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this declaration.

[X] **VIA EMAIL OR ELECTRONIC TRANSMISSION**

[ ] **VIA ELECTRONIC TRANSMISSION [CM/ECF SYSTEM]:** Based on the United States District Court's General Order No. 08-02, I caused the above-referenced documents to be sent to the persons at the e-mail addresses listed on the attached service list by way of the Court's CM/ECF System (Case Management/Electronic Case Filing System). I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **VIA LEXISNEXIS FILE & SERVE** (on all parties listed on the service list with LexisNexis in compliance with court's order)

[X] **(FEDERAL):** I declare under penalty of perjury under the laws of the United States of America that the above information is true and correct. Executed on 7-22-15, at Fullerton, California.

/s/ *JOHN C. ELLIS*
**JOHN C. ELLIS**

# SERVICE LIST

**_Attorneys for PLAINTIFF JOHN DOE_**

Sandra Ribera Speed
RIBERA LAW FIRM
157 West Portal Avenue, Suite 2
San Francisco, CA 94127

Sandra Ribera <sribera@riberalaw.com>

**_Co-Counsel for DEFENDANTS CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINK.COM; KINK STUDIOS, LLC; CYBERNET ENTERTAINMENT, LLC, erroneously sued as KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; HOGAN KARL aka VAN DARKHOLME_**

Karen Tynan, Attorney At Law
1083 Vine Street, #201
Healdsburg, CA 95448

Karen Tynan <dktynan@comcast.net>