**EXHIBIT 1**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Sandra Ribera Speed, Esq. (236769)
Ribera Law Firm, A Professional Corporation
157 West Portal Avenue, Suite 2, San Francisco, California 94127
TELEPHONE NO.: 415-576-1600    FAX NO.: 415-842-0321
ATTORNEY FOR (Name): JOHN DOE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse - Civil

**FILED**
San Francisco County Superior Court
APR 28 2015
CLERK OF THE COURT
BY: _____
Deputy Clerk

CASE NAME:
John Doe v. Kink.com, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **CGC-15-545540** <br> JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☑ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action (specify): 8: Negligence; Negligence Per Se; Intentional/Fraudulent Misrepresentation; Civil Conspiracy to Commit Intentional/Fraudulent Misrepresentation; Breach of Implied Covenant of Good Faith and Fair Dealing; Negligent Supervision; Negligent Hiring and/or Retention; IIED
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 28, 2015
Sandra Ribera Speed, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov



**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET
ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER
ACWORTH; VAN DARKHOLME and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN DOE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* 15-545540

San Francisco Superior Court
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* 415-576-1600
Sandra Ribera Speed, Esq., Ribera Law Firm, APC, 157 West Portal Ave., Suite 2, San Francisco, CA 94127

DATE: APR 28 2015   CLERK OF THE COURT   Clerk, by MEREDITH GRIER , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

1  Sandra Ribera Speed, Esq. (SBN 236769)
   **RIBERA LAW FIRM**
2  A Professional Corporation
   157 West Portal Avenue, Suite 2
3  San Francisco, CA 94127
   Tel: (415) 576-1600 Fax: (415) 842-0321
4
5  Attorneys for Plaintiff, JOHN DOE
6
7

**F I L E D**
San Francisco County Superior Court

APR 2 8 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9              **FOR THE CITY AND COUNTY OF SAN FRANCISCO**
10
11  **JOHN DOE,**                          ) Case No.: **C G C - 1 5 - 5 4 5 5 4 0**
                                            )
12         **Plaintiff,**                   ) 1. NEGLIGENCE,
                                            ) 2. NEGLIGENCE PER SE,
13         v.                               ) 3. INTENTIONAL/FRAUDULENT
                                            )    MISREPRESENTATION,
14                                          ) 4. CIVIL CONSPIRACY TO COMMIT
    **KINK.COM; KINK STUDIOS, LLC;**        )    INTENTIONAL/FRAUDULENT
15  **KINKMEN.COM; CYBERNET**               )    MISREPRESENTATION,
    **ENTERTAINMENT, LLC; ARMORY**          ) 5. BREACH OF IMPLIED COVENANT
16  **STUDIOS, LLC; PETER ACWORTH;**        )    OF GOOD FAITH AND FAIR
17  **DARKHOLME and DOES 1 through 50,**    )    DEALING,
    inclusive,                             ) 6. NEGLIGENT SUPERVISION,
18                                          ) 7. NEGLIGENT HIRING AND/OR
                                            )    RETENTION, and
19         **Defendants.**                  ) 8. INTENTIONAL INFLICTION OF
                                            )    EMOTIONAL DISTRESS
20                                          )
21                                          )
22                                          ) **Prayer for Punitive Damages**
                                            ) **JURY TRIAL DEMANDED**
23                                          )
24                                          )
25                                          )
26                                          )
27
28

Plaintiff JOHN DOE hereby requests a trial by jury of all issues in this matter.

COMES NOW, Plaintiff JOHN DOE and alleges as follows:

**PARTIES**

1.    Plaintiff JOHN DOE (hereinafter "JOHN DOE" or "Plaintiff") is a resident and citizen of the State of New York where he is a student.  At all relevant times contained herein, Plaintiff worked for Defendants, and each of them, in San Francisco, California.

2.    Plaintiff alleges that Defendant CYBERNET ENTERTAINMENT, LLC (hereinafter "CYBERNET") is a Limited Liability Corporation registered to do business in the State of California, and is authorized to transact and is transacting business in the internet pornography and the pornographic film industry in the State of California.  Defendant CYBERNET maintains a headquarters at 1800 Mission Street, San Francisco, CA.   The agent for service of process is Defendant PETER ACWORTH.

3.    Defendant KINK.COM is a corporation duly organized and existing under and by virtue of the laws of the State of California and is authorized to transact and is transacting business in the internet pornography and the pornographic film industry in the State of California. Defendant KINK.COM maintains a headquarters at 1800 Mission Street, San Francisco, California. The agent for service of process is Defendant PETER ACWORTH.

4.    Defendant KINK STUDIOS, LLC (hereinafter "KINK STUDIOS"); is a corporation duly organized and existing under and by virtue of the laws of the State of California and is authorized to transact and is transacting business in the internet pornography and the pornographic film industry in the State of California. Defendant KINK STUDIOS maintains a headquarters at 1800 Mission Street, San Francisco, California. The agent for service of process is Defendant PETER ACWORTH.

5.    Defendant KINKMEN.COM (hereinafter "KINKMEN") is a corporation duly organized and existing under and by virtue of the laws of the State of California and is authorized to transact and is transacting business in the internet pornography and the pornographic film industry in the State of California. Defendant KINKMEN maintains a headquarters at 1800 Mission Street, San Francisco, California. The agent for service of process

1    is Defendant PETER ACWORTH.

2        6.    Defendant ARMORY STUDIOS, LLC (hereinafter "ARMORY")  is a corporation

3    duly organized and existing under and by virtue of the laws of the State of California and is

4    authorized to transact and is transacting business in the internet pornography and the

5    pornographic film industry in the State of California. Defendant ARMORY maintains a

6    headquarters at 1800 Mission Street, San Francisco, California. The agent for service of process

7    is Defendant PETER ACWORTH.

8        7.    Defendants CYBERNET, KINK.COM, KINK STUDIOS, KINKMEN, and

9    ARMORY, will be referred to collectively as "KINK Defendants," unless otherwise noted.

10       8.    KINK Defendants, and each of them, are headquartered in the San Francisco Armory

11   at 1800 Mission Street in San Francisco, California. The Armory building is a 200,000 square .

12   foot 1914 reproduction of a Moorish Castle that served as a National Guard Armory and Arsenal

13   until the 1970s. In 2006, the Armory was purchased by Defendant PETER ACWORTH for the

14   purposes of transacting business in the internet pornography and pornographic film industries.

15       9.    Upon information and belief, Plaintiff alleges that Defendant PETER ACWORTH

16   (hereinafter "ACWORTH") is the owner of KINK Defendants and each of them.

17       10.   Upon information and belief, ACWORTH works and resides in San Francisco,

18   California.

19       11.   KINK.COM, found at http://www.kink.com, is a website which hosts and provides

20   links to approximately thirty (30) additional pornographic websites providing sexually explicit

21   adult photographs, video and other graphic sexual content.

22       12.   Defendant KINK.COM comprises a network of fetish and BDSM (bondage,

23   discipline, sadism, masochism) sites, including over two dozen premium subscription sites, a free

24   documentary news site, an interactive live cam site, and an on-demand site that allows customers

25   to purchase every pornographic shoot ever published by the company on an individual basis.

26       13.   Defendant KINKMEN.COM was launched in 2008 with the release of

27   BoundGods.com, a gay bondage site.  At all relevant times referenced herein, well-known

28   pornographic actor and director, Defendant VAN DARKHOLME (hereinafter

1   "DARKHOLME"), directed all KINKMEN.COM programming. KINKMEN is comprised of

2   five sites, including NakedKombat.com, a hardcore wrestling site, and MenOnEdge.COM, a

3   BDSM edging site.

4       14. Upon information and belief, at all relevant times referenced herein, DARKHOLME

5   worked and resided in San Francisco, California. DARKHOLME has worked and continues to

6   be employed by the KINK Defendants and Defendant ACWORTH as an adult pornographic film

7   director.

8       15. All Defendants will be referred to collectively as "Defendants."

9       16. The true names and capacities of DOES 1 through 50, whether individual, corporate,

10  government, associate or otherwise, are unknown to Plaintiff who therefore sues said defendants

11  by such fictitious names. Plaintiff will amend this complaint to allege their true names and

12  capacities when ascertained.

13      17. Plaintiff is informed and believes, and thereon alleges, that Defendants were the

14  agent, servant, employee and representative of each of the other Defendants. In performing the

15  acts herein alleged, Defendants were acting within the course and scope of such agency or

16  employment, and with full knowledge, permission, authorization, ratification, active assistance

17  and encouragement, and/or consent, express or implied, of each of the other Defendants. All

18  actions of the Defendants alleged in the causes of action into which this paragraph is

19  incorporated by reference were ratified and approved by the officers or managing agents or

20  member of every other defendant.

21                    **STATEMENT OF FACTS**

22      18. Plaintiff began working for the KINK Defendants in 2011. Plaintiff's talent agent was

23  contacted by a representative at KINK.COM about his potential to perform sex acts in

24  pornographic videos produced specifically for internet broadcasts.

25      19. Plaintiff was excited to have the opportunity to work with KINK.COM, one of the

26  largest and most successful companies in the pornographic film industry.

27      20. KINK.COM's website includes claims that KINK.COM has "one of the best

28  reputations" in the adult pornographic film industry for "respectful and fair treatment of models,"

1   and that the company provides "clean, comfortable working conditions and an honest and
2   approachable crew." KINK.COM vows to "ensure that models fully understand their rights and
3   feel empowered to stop or alter a scene at any time."

4       21.   Further, KINK.COM "ask(s) all directors to follow a strict set of shooting rules so
5   that all of our content conforms with our company values; we treat our models as professionals
6   and compensate them generously for their talent."

7       22.   Plaintiff was reassured that working for KINK.COM was a wise, safe decision, and
8   he was eager to advance his career.

9       23.   From November 7, 2011 to May 3, 2013, JOHN DOE performed for Defendants, and
10  each of them, in pornographic videos.

11      24.   All communications regarding JOHN DOE's work in Defendant KINK.COM's
12  videos originated from KINK.COM electronic mail addresses. Most of the communications had
13  KINKMEN.COM and "The Armory" in the signature portion. JOHN DOE's contract for work
14  with KINK.COM lists CYBERNET as the "Producer" and many of the contract pages refer to
15  KINK.COM.

16      25.   At a typical internet video shoot in which JOHN DOE performed for KINK
17  Defendants, there were numerous people on set, including the director, one or two camera
18  operators, one or more production assistants, and several other workers, who were employed by
19  one or more KINK Defendants.

20      26.   Also at a typical internet video shoot, there were one or two staff members of KINK
21  Defendants present and dedicated to management of the event.

22      27.   At a typical internet video shoot, JOHN DOE would be one of several other models
23  and actors hired by KINK Defendants.  Usually, there would be one main "dom" or actor playing
24  the dominant role in the sexual act(s); one "co-dom," also playing a dominant role in the sexual
25  act(s); JOHN DOE, who usually performed as the "submissive" or "sub;" and four to five
26  "extras" or additional models who would participate in the video shoot.

27      28.  JOHN DOE was aware that despite KINK Defendants' expressed dedication to
28  sexually transmitted disease (STD) and human immunodeficiency virus (HIV) testing of *all*

1    models, KINK Defendants were only requiring the heterosexual models to have STD and HIV

2    testing panels performed before each and every video shoot. The homosexual models were *not*

3    required to be tested before every shoot. Moreover, if an STD or HIV was transmitted during a

4    heterosexual shoot, production of the shoot halts until everyone is tested and the source of the

5    infection is confirmed. Such is not the case with homosexual shoots.

6        29. During the time Plaintiff worked for the KINK Defendants as a model, he was only

7    asked <u>once</u> to submit his test results to KINK Defendants and that was before a heterosexual

8    filming. For all of the homosexual shoots he did, Plaintiff was never once asked by KINK

9    Defendants to submit his HIV/STD test results.

10       30. Further, KINK Defendants endangered all models at internet video shoots with the

11    dangerous practice of inviting (non-tested) members of the general public to participate in sexual

12    acts during filming. KINK Defendants would regularly issue a mass electronic mail invitation to

13    the general public sometime in advance of the filming date, inviting them to participate. KINK

14    models were placed at significant risk for exposure and infection of STDs and HIV through

15    contact with these untested, unidentified members of the general public. KINK.COM continued

16    this business practice in direct violation of California law, as set forth herein, and KINK.COM's

17    own stated principles of strict adherence to the safety and well-being of KINK.COM employees

18    and models. KINK.COM regularly and repeatedly placed the health and safety of its models and

19    employees at serious risk.

20       31. During the years JOHN DOE worked for KINK Defendants, condom usage by the

21    actors and models was not required (unless explicitly specified), but could be requested. The

22    models were told they had the right to request a condom to be worn at any time, and that this

23    request would be honored without question.

24       32. On November 8, 2011, at Plaintiff's first filming with Defendants, Plaintiff observed

25    another model being given an injection of a prescription sexual performance-enhancing drug into

26    his penis. The medication was provided by Defendants to the performers on the shoot without a

27    prescription even through it was prescription medication. Upon witnessing this, Plaintiff JOHN

28    DOE requested to Defendants that he not be required to perform oral sex on the performer who

1    had been injected with the medication. Plaintiff's request was denied. Plaintiff then exercised

2    his right to request that a condom be worn by the performer who had received the injection.

3    Plaintiff's request was again denied by Defendants. Plaintiff next requested that he be allowed to

4    perform oral sex on the performer away from the location of where the performer had an open

5    wound as a result of the injection. Plaintiff's request was again explicitly denied by Defendants—

6    putting JOHN DOE's health and safety in serious jeopardy and violating KINK Defendants

7    stated policies. Defendants conveyed to Plaintiff that if he pushed the condom-issue, he would be

8    out of a job. Plaintiff, being a student who wanted to earn some quick money so that he could

9    focus on his studies, kept his mouth shut following this incident.

10       33. On another occasion, Plaintiff was on one of Defendants' shoots where his penis had

11   been tied with twine. The twine cut Plaintiff's penis and caused it to bleed while filming.

12   Defendants took a cloth and wiped the blood. When Plaintiff inquired whether it was safe to

13   continue, Defendants replied that it was fine.

14       34. On January 10, 2013, Plaintiff JOHN DOE was hired by the KINK.COM Defendants

15   and ACWORTH to perform sex acts in a pornographic video under the direction of Defendant

16   DARKHOLME.

17       35. During the January 10, 2013 video shoot, a non-sterile object was inserted into JOHN

18   DOE's urethra against his express objection and placing him at significant risk of infection.

19       36. KINK.COM claims to uphold a strict policy that models are entitled to personally

20   sanitize any items that are used on them. Before the non-sterile object was inserted into JOHN

21   DOE's urethra, he requested it be sterilized. Director DARKHOME expressly denied Plaintiff's

22   request.

23       37. Defendant DARKHOLME not only placed Plaintiff's health at significant risk, he

24   violated KINK Defendants' filming rules specifically applicable to Directors, stating in part "It is

25   your [the director's] responsibility to ensure the safety of the model on set. It is your

26   responsibility to ensure the shooting rules are adhered to."

27       38. After Plaintiff JOHN DOE's request for sterilization was expressly denied by

28   Defendant DARKHOLME, Plaintiff felt pressured to continue to perform or he could lose his

1    job.

2        39.  On February 20, 2013, *SF Weekly* published a front page article titled "Gag Order: Sex

3    Workers Allege Mistreatment at Kink.com." In the article, author Kate Conger outlines

4    ACWORTH's recent arrest for cocaine possession, stating "many were surprised by the misstep

5    from a man who's built his empire on a strict code of ethical behavior and transparency…" Ms.

6    Conger continues:

7            "However, even as Kink flourishes – it's nearly doubled the
8            number of sites it operates since moving into the Armory – doubts
             about its ethical standards linger. The Company attracted unwanted
9            attention last summer when it abruptly switched its cam girls' pay
             rate and sparked a debate about its commitment to models' rights.
10           Now, two former models allege they were denied workers'
11           compensation when injured on Kink sets, one of whom further
             states she was coerced into a performance that left her with long-
12           standing injuries and was offered money in exchange for keeping
             quiet about those injuries. Other workers claim to have been
13           terminated…when they questioned Kink's business practices,
             including the use of an erectile dysfunction drug called Trimix. …
14

15           The potential legal quandaries revealed by former Kink models
16           challenge Acworth's ethical claims, and this isn't the first time
             he's been called out for going against his models' rights and
17           shooting rules."

18       40.  In detailing a lawsuit filed by Ms. Holloway, a former "cam girl" model, against

19   KINK.COM, Ms. Conger elaborated in *SF Weekly*, "Eden Alexander, a model who has

20   performed for Kink's cam site as well as other porn sites and did not participate in the lawsuit,

21   claims Holloway's firing created a culture of fear in the cam department. She says models

22   became afraid that voicing concerns meant risking their jobs. 'You're in a position where if you

23   don't follow along, you're going to lose shoots,' she explains."

24       41.  On March 26, 2013, Plaintiff was emailed by Mike Scott from KINK.COM

25   requesting that he take part in a May 3, 2013 video shoot. The email explicitly stated the

26   following, **"This is a condom and barrier protection required shoot."**

27       42.  In April of 2013, JOHN DOE was contacted by KINK.COM's Talent Coordinator

28   Bobby Sanchez about performing in BoundInPublic.com's May 3, 2013 video shoot. JOHN

1  DOE agreed to appear for the shoot and KINK.COM provided paid airfare for him to travel to

2  and from San Francisco.

3      43.   On May 3, 2013, JOHN DOE appeared for the Bound in Public shoot at The Armory

4  in San Francisco, California.

5      44.   The May 3, 2013 video shoot (or "May 3 shoot") was directed by Defendant

6  DARKHOLME. JOHN DOE was to act as the "bottom," or submissive actor in BDSM sexual

7  activities (bondage/discipline, dominance/submission, sadism/masochism). The "bottom" is the

8  star and primary focus of a video shoot. The May 3 shoot was a special, annual public event

9  called the "Rubber Party," in reference to the liquid latex which was poured over the models'

10 bodies. The shoot would start at a much later time than an average shoot – typical shoots are

11 filmed in the afternoon, but the May 3 shoot was to run from 11:00 pm to 3:00 am and there was

12 alcohol on set. A much larger than average number of "guests" or members of the public were in

13 attendance to partake in the shoot. While there were seven models who performed at the May 3

14 shoot, there were on average between 30-40 members of the public who also participated in the

15 shoot.

16     45.   During the May 3 shoot, several of the guests, who were members of the public, were

17 allowed to participate in the sexual activities with the models. In direct contradiction to KINK

18 Defendants' stated policies and in violation of California *Code of Regulations*, these members of

19 the public are not tested for STDs or HIV prior to their involvement in filming.  KINK

20 Defendants' models are encouraged to interact with members of the public, and get paid extra to

21 do so. Each interaction a model has with a member of the public will earn him another $100.00

22 in his total compensation. As models typically earn between $1,000.00 to $2,000.00 per video

23 shoot, they can significantly increase their income through these interactions with the public.

24     46.   At the May 3 shoot, Plaintiff JOHN DOE was forced by Defendants to sexually

25 interact with almost every member of the public. While Plaintiff was physically restrained and

26 blindfolded, Defendant DARKHOLME is clearly seen on video footage forcefully pushing

27 Plaintiff's head and mouth into the penises of dozens of men to perform oral sex on them.   None

28 of these performers were wearing a condom nor were any barriers used.  Defendant

1   DARHOLME was so powerfully thrusting Plaintiff's head that Plaintiff is heard making gagging

2   sounds at several points during the shoot.

3        47.   During the May 3 shoot, the inside of Plaintiff's mouth sustained a cut. Plaintiff took

4   a sip of water and noticed some blood in his mouth. Plaintiff did not mention this to Defendant

5   DARKHOLME.  Since Plaintiff's requests of no oral sex and condom usage had been denied in

6   the past by Defendants, Plaintiff knew that similar requests would be denied on this occasion.

7   Plaintiff also knew from his previous experiences that Defendant DARKHOLME did not grant

8   the requests of the models, including Plaintiff's own previous request for a condom to be worn

9   on the penis of another model. Plaintiff also did not want to risk losing his job.

10       48.   Plaintiff JOHN DOE returned to New York after the May 3 shoot. After

11  approximately fifteen days, he began to experience fever, chills, sweats, tiredness and malaise.

12  He visited the doctor May 22, 2013, who administered three different types of HIV tests.

13       49.   On June 3, 2013, Plaintiff JOHN DOE was devastated to learn that he was HIV

14  positive. He received confirmatory test results on June 10, 2013.

15       50.   On his walk home from his initial diagnosis, JOHN DOE strongly considered

16  jumping off New York City's Washington Bridge to commit suicide. He quickly spiraled into a

17  deep depression.

18       51.   Through a meticulous process of elimination and based on expert medical advice,

19  Plaintiff JOHN DOE determined he had contracted HIV at Defendants' May 3, 2013 shoot.

20       52.   Plaintiff JOHN DOE contacted the KINK Defendants and notified them of his

21  diagnosis. He spoke with employees Jessie Lee and Bobbie Sanchez.

22       53.   KINK Defendants failed to report Plaintiff JOHN DOE's diagnosis to the AIDS

23  Healthcare Foundation (AHF), Cal/OSHA, or the Free Speech Coalition (FSC). Had KINK

24  Defendants notified any of these entities, as they would have if it were a heterosexual shoot, a

25  moratorium on filming in the porn industry would have occurred, requiring all sex workers to be

26  tested for HIV before filming would resume.

27       54.   Had KINK Defendants properly reported Plaintiff JOHN DOE's diagnosis to the

28  appropriate authorities, the source of JOHN DOE's HIV infection could have been located and

1   the further spread of the infection could have been prevented.

2       55.  In the following months, beginning in August, four more performers in California

3   would be diagnosed with HIV. At least two of those workers have traced their infection back to

4   their work with KINK Defendants. In her last shoot while working for Kink Defendants,

5   Cameron Bay was directed to continue to perform sexual acts on a male model even though there

6   was blood and a visible cut on the model's penis.

7       56.  On September 16, 2013, after seeing fellow sex worker Cameron Bay's

8   announcement through the AHF that she was diagnosed with HIV, JOHN DOE also contacted

9   the AHF. Mark McGrath of the AHF assisted JOHN DOE in compiling a complaint to file with

10  the Division of Occupational Safety and Health (OSHA).

11      57.  On September 18, 2013, the AIDS Healthcare Foundation held a press conference and

12  announced that several pornographic video actors received positive HIV tests, including three

13  who had worked for KINK Defendants.

14      58.  Among those performers that worked for KINK Defendants who tested positive for

15  HIV was Patrick Stone, who tested positive on September 10, 2013. Stone told *SF Weekly* that

16  KINK Defendants had contacted him to perform in a video shoot even *after* he had notified them

17  of his HIV positive status.

18      59.  On January 30, 2014 the State of California Division of Occupational Safety and

19  Health, Cal/OSHA High Hazard Compliance Unit issued an eighteen-page Citation and

20  Notification of Penalty to KINK Defendants imposing a fine of $78,710.

21      60.  The Citation and Notification of Penalty asserted multiple violations of Title 8 of the

22  California *Code of Regulations* (CCR), including violations classified as "General,"

23  "Regulatory," and "Serious" by KINK Defendants:

24          a.  Unauthorized use of flexible cords and cables not specifically permitted by

25              CCR Section 2500.7 (Citation 1 Item 1 – General);

26          b.  Failing to maintain records of safety training given to employees required by

27              Title 8 CCR 3203(b)(2) and subsection (a)(7) (Citation 1 Item 2 – Regulatory);

28          c.  Failing to provide adequate first-aid materials to employees on every job, in

---

11
CASE NO.:
JOHN DOE v. KINK.COM, et al. – COMPLAINT FOR DAMAGES

accordance with CCR 3400(c) (Citation 1 Item 3 – General);

   d.    Failing to require employees to undergo the Hepatitis B vaccination or, if they decline, sign a statement mandated by CCR 5191(f)(2)(D) Appendix A (Citation 1 Item 4 – Regulatory);

   e.    Failing to keep Cal/OSHA injury and illness records and Cal/OSHA Form 301 Injury and Illness Incident Reports in accordance with CCR 14300.01(a)(2) (Citation 1 Item 5 – Regulatory);

   f.    Failing to provide records demanded by an authorized government representative within four (4) business hours, according to  CCR 14300.40(a) (Citation 1 Item 6 – Regulatory);

   g.    Failing to establish, implement and maintain an effective Injury and Illness Prevention Program (IIPP) which meets the standards of CCR 3203(a) for employees exposed to workplace hazards including, but not limited to, electrical hazards and sexually transmitted illnesses in the course of producing adult videos (Citation 1 Item 7 – General);

   h.    Failing to record the steps taken to implement and maintain the Injury and Illness Prevention Program in accordance with CCR 3203(b)(1) (Citation 1 Item 8 – Regulatory);

   i.    Failing to establish, implement and maintain an effective Exposure Control Plan which is designed to eliminate or minimize employee exposure in accordance with CCR 5193(c)(1), and which is also consistent with Section 3203. "At and prior to the time of the Cal/OSHA inspection, CYBERNET had not established and implemented an effective exposure control plan to protect employees who had reasonable anticipated contacted with blood or Other Potentially Infectious Materials (OPIM) from the hazards of bloodborne pathogens CYBERNET had not developed and implemented procedures or schedule for: (d) methods of compliance, including engineering controls and work practices; (f) hepatitis B vaccination and post-exposure evaluation and

1    follow-up; and(h) recordkeeping." (Citation 2 Item 1 – Serious);

2    j.   Failing to observe universal precautions to prevent contact with blood or Other

3        Potentially Infectious Materials (OPIM) in accordance with CCR 5193(d)(1).

4        "On or before 8/9/13, employees of CYBERNET who had reasonably

5        anticipated contacted with blood or OPIM were exposed to the hazards of

6        bloodborne pathogens. CYBERNET did not observe Universal Precautions

7        which exposed employees to blood and OPIM during production activities

8        associated with adult content videos." (Citation 3 Item 1 – Serious);

9    k.   Failing to satisfy the general requirements of Engineering and Work Practice

10       Controls in accordance with CCR 5193(d)(2). "On or before 8/9/13, employees

11       of CYBERNET who had reasonably (sic) anticipated contacted (sic) with

12       blood or Other Potentially Infectious Materials (OPIM) were exposed to the

13       hazards of bloodborne pathogens. CYBERNET did not require the use of

14       engineering controls and work practice controls during production activities

15       associated with adult content videos to eliminate and/or minimize employee

16       exposure to blood and OPIM." (Citation 4 Item 1 – Serious).

17   61.  On February 4, 2014, *SF Weekly* published an article titled "Bay Area Porn

18   Companies Slapped With Fines for Not Using Condoms," making specific reference to KINK

19   Defendants' fine of $78,710.00 by OSHA for workplace safety hazards. According to writer

20   Kate Conger, "The majority of the fines were for allowing performers to work without using

21   condoms... The fine is one of several that OSHA has issued... and follows in the wake of

22   several HIV scares in the industry... Porn production was forced to halt industry-wide several

23   times last year, after performers tested positive for HIV, including Cameron Bay, a performer

24   who worked at Kink shortly before her diagnosis."

25   62.  The article further elaborates:

26       Although the complaints that sparked OSHA's investigations into
         Kink... are sealed to protect the identities of whistle-blowing
27       employees, the AIDS Healthcare Foundation has publicly stated
         that it filed complaints against both companies. Its complaint
28

against Kink claims Bay may have contracted HIV on set – "We have reason to believe that on 7/31/13 adult film employees were exposed to bloodborne pathogens and other potentially infectious materials... An employee from this production named Cameron Alexandria Adams (AKA Cameron Bay) tested positive for the Human Immunodeficiency Virus (HIV) as early as 8/19/13... Ms. Adams engaged in acts considered high-risk for the transmission of HIV, including multiple sex partners and acts resulting in trauma to vaginal, oral, and anal mucosa. Additionally, a large group estimated at 10-12 individuals, including production staff, are likely to have been exposed."

63.   At the time, Defendant ACWORTH incorrectly and misleadingly claimed the complaints which prompted the OSHA investigation were not made by actual people who worked for KINK Defendants, "but by outside groups with a long history of opposition to adult film." Mike Stabile, a spokesperson for KINK Defendants told *SF Weekly*, "The fines were not related to a particular incident, but rather about our policy of leaving the choice to use a condom up to the performer."

64.   As exhibited by Plaintiff JOHN DOE's allegations above, the choice of whether to use a condom while in the employment of KINK.COM is *not* left up to the performer. Although KINK Defendants' policies represent that an actor or model can request a condom at any time and one will be used, this policy has *not* been enforced. As evidenced above, Defendant JOHN DOE attempted to exercise his right to request a condom and his request was wrongfully denied – resulting in serious risk to his health and contributing to the neglectful, unsafe, and illegal environment at KINK Defendants.

65.   Condom usage in the pornographic film industry has been a widely debated topic in recent years. Condoms are now mandatory in Los Angeles County pornographic film productions, which has resulted in a significant decrease in the filming of pornographic materials in Los Angeles County. While California Health & Safety Codes do require condom usage during filming within the entire state of California, the law does not require condom use to be enforced in San Francisco. As a result, a porn production company can be cited and fined by the State of California Division of Occupational Safety and Health (CAL/OSHA) for not requiring condoms to be worn during performances on set, but it is not an actionable violation of

1   California statute. Pornographic film producers vehemently argue that condoms use should not

2   be required during filming, arguing that audiences find actors performing sex acts without

3   condoms much more exciting.

4       66.    During the years Plaintiff was employed with the KINK.COM Defendants,

5   mandatory safety regulations were blatantly ignored, necessary precautionary measures to

6   protect the health of the models and studio staff were not taken, and homosexual models were

7   blatantly discriminated against by KINK Defendants, ACWORTH, and DARKHOLME.

8       67.    Defendants have a documented history of failing to create, implement, and uphold

9   safety regulations to protect its models. Instead, Defendants promote unsafe and reckless sex

10   practices in order to increase membership and viewership of their online porn site.  In so doing,

11   KINK Defendants, ACWORTH, and DARKHOLME, consciously disregarded the rights and

12   safety of Plaintiff and other models working for KINK Defendants by prioritizing corporate

13   profits over human lives.

14       68.    Since Plaintiff JOHN DOE's HIV diagnosis, he has been suicidal and seriously

15   depressed. He is constantly bombarded by people intent to destroy him as a person, because they

16   view him as dangerous, or disgusting. He is stigmatized and afraid of being alone forever. He is

17   no longer able to socialize like a normally functioning member of society, and social situations

18   feel negative and isolating. Plaintiff feels like an outcast, disposable. He had been called a

19   disgusting person and told he should kill himself, to his face, simply because he has HIV.

20   Plaintiff faces constant discrimination due to being HIV positive.  He is unable to be intimate

21   with anyone before first giving them a health lesson on HIV, and even then, romantic partners

22   are afraid. Taking daily medication is a constant reminder to Plaintiff of his diagnosis and the

23   feelings he has related to that diagnosis.

24       69.    There are now countries Plaintiff JOHN DOE will never be able to travel to because

25   they will not allow visitors diagnosed with HIV. There are now many jobs he will never be able

26   to hold, such as some occupations in the health care industry, due to the risk of accidental

27   transmission of HIV.

28       70.    Plaintiff JOHN DOE lives in constant fear of what could happen if he was unable to

1  receive his medication. He is terrified of losing his health insurance.

2      71.  Plaintiff JOHN DOE was previously very healthy, and never needed to rely on

3  medications. Today, he must visit his treating physician at least once every three months. He

4  must take three medications daily, Truvada and Prezista, which collectively cost between $2000

5  and $3000/mo, and Norvir, for $200/mo. He hates relying on medications and wanted to avoid

6  taking anything unnecessary. He worries the pharmacy will make a mistake with his

7  prescriptions or be unable to refill them and his health will suffer greatly as a result.

8      72.  As a result of the medications, Plaintiff has developed gastrointestinal problems and

9  is now lactose intolerant. He must be careful to avoid taxing his liver or kidneys.

10      73.  Plaintiff has lost hope for the future as a result of his diagnosis.

11      74.  Plaintiff is informed and believes and therefore, alleges, that each of the Defendants

12  designated herein caused injury and damages proximately thereby to Plaintiff as herein alleged,

13  and are, therefore, responsible to Plaintiff for the damages herein requested.

### FIRST CAUSE OF ACTION

### NEGLIGENCE

(against  KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET
ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; VAN
DARKHOLME and DOES 1-50)

18      75.  Plaintiff incorporates each and every paragraph of the Complaint as though fully set

19  forth in the cause of action.

20      76.  Defendants had a duty to have a work place safety specialist at the May 3 shoot to

21  ensure adequate personal protective equipment was available at the shoot. Defendants had a duty

22  to inspect all performers for cuts, sores, and lesions.  Defendants had a duty to have a

23  Bloodborne Pathogen Exposure Control Plan in order to assist in implementing and ensuring

24  compliance with the Cal OSHA standards for blood borne pathogens to protect employees and

25  contractors.   Defendants had a duty to maintain appropriate health records of their performers,

26  including STD and HIV tests before shooting commenced. Defendant DARKHOLME had a duty

27  as director of the May 3 shoot to enforce the use of condoms at the shoot.

28      77.  Defendants breached each and every duty referenced above, which was owed to

1    Plaintiff.

2        78.   Defendants, by and through their managing agents, knew of and condoned the

3    behavior of Defendants. The acts complained of herein were adopted, approved, condoned

4    and/or taken by one or more managing agent of Defendants each of whom had the authority to

5    make policy and/or to direct a substantial portion of its business.

6        79.   Defendants breach of each of the above-referenced duties was a substantial cause of

7    Plaintiff's injuries.

8        80.   As a direct and proximate result of the aforementioned conduct of Defendants, and

9    each of them, Plaintiff has suffered damages in the form of physical harm when he contracted

10   HIV while performing at the May 3, 2013 shoot. Plaintiff has incurred and will continue to incur

11   significant costs for medical treatment, medications, and all other related expenses for the

12   treatment of his contracted illness.

13       81.   As a direct and proximate result of the aforementioned conduct of Defendants, and

14   each of them, Plaintiff has suffered damages including, but not limited to, past and future lost

15   earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits

16   of this court.  The exact amount of said losses will be stated according to proof at trial.

17       82.   As a further direct and proximate result of the aforementioned conduct of said

18   Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but

19   not limited to, great derision and embarrassment amongst members of the community and

20   family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear,

21   humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general

22   damage, in an amount to be stated according to proof at trial.

23                        **SECOND CAUSE OF ACTION**

24                              **NEGLIGENCE PER SE**

25           (against  KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET
           ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; VAN
26                        DARKHOLME and DOES 1-50)

27       83.   Plaintiff incorporates each and every paragraph of the complaint as though fully set

28

forth in the cause of action.

84.   At the May 3 shoot, Defendants were required by California *Code of Regulations* Title 8, Section 5193 to have performers use barrier protection including condoms, to protect them during the production of adult films.

85.   Defendants violated the following laws:

   a.   Failing to establish, implement and maintain an effective Exposure Control Plan which is designed to eliminate or minimize employee exposure in accordance with California *Code of Regulations* Title 8, Section 5193 (c)(1), and which is also consistent with Section 3203. "At and prior to the time of the Cal/OSHA inspection, CYBERNET had not established and implemented an effective exposure control plan to protect employees who had reasonable anticipated contacted with blood or Other Potentially Infectious Materials (OPIM) from the hazards of bloodborne pathogens CYBERNET had not developed and implemented procedures or schedule for: (d) methods of compliance, including engineering controls and work practices; (f) hepatitis B vaccination and post-exposure evaluation and follow-up; and(h) recordkeeping." (Citation 2 Item 1 – Serious);

   b.   Failing to observe universal precautions to prevent contact with blood or Other Potentially Infectious Materials (OPIM) in accordance with California *Code of Regulations* Title 8, Section 5193 (d)(1). "On or before 8/9/13, employees of CYBERNET who had reasonably anticipated contacted with blood or OPIM were exposed to the hazards of bloodborne pathogens. CYBERNET did not observe Universal Precautions which exposed employees to blood and OPIM during production activities associated with adult content videos." (Citation 3 Item 1 – Serious);

   c.   Failing to satisfy the general requirements of Engineering and Work Practice Controls in accordance with California *Code of Regulations* Title 8, Section 5193 (d)(2). "On or before 8/9/13, employees of CYBERNET who had reasonably (sic)

anticipated contacted (sic) with blood or Other Potentially Infectious Materials (OPIM) were exposed to the hazards of bloodborne pathogens. CYBERNET did not require the use of engineering controls and work practice controls during production activities associated with adult content videos to eliminate and/or minimize employee exposure to blood and OPIM." (Citation 4 Item 1 – Serious).

86. The Defendants violated the above-laws and breached the above-duties owed to Plaintiff.

87. Defendants, by and through their managing agents, knew of and condoned the behavior of Defendants. The acts complained of herein were adopted, approved, condoned and/or taken by one or more managing agent of Defendants each of whom had the authority to make policy and/or to direct a substantial portion of its business.

88. Defendants' violation of these laws and breach of duties to Plaintiff was a substantial factor in causing damage to Plaintiff.

89. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered damages in the form of physical harm when he contracted HIV while performing at the May 3, 2013 shoot. Plaintiff has incurred and will continue to incur significant costs for medical treatment, medications, and all other related expenses for the treatment of his contracted illness.

90. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered damages including, but not limited to, past and future lost earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits of this court. The exact amount of said losses will be stated according to proof at trial.

91. As a further direct and proximate result of the aforementioned conduct of said Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but not limited to, great derision and embarrassment amongst members of the community and family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear, humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general damage, in an amount to be stated according to proof at trial.

1

2

3

4

**THIRD CAUSE OF ACTION**

**INTENTIONAL/FRAUDULENT MISREPRESENTATION**

(against KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET
ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; VAN
DARKHOLME AND DOES 1-50)

5

6

92.   Plaintiff incorporates each and every paragraph of the complaint as though fully set
forth in the cause of action.

7

8

93.   Defendants made the following representation to Plaintiff regarding the May 3 shoot:
**"This is a condom and barrier protection required shoot."**

9

10

11

12

13

14

15

94.   Defendants' representation was false. At the May 3 shoot, Plaintiff JOHN DOE was
forced by Defendants to sexually interact with almost every member of the public. While
Plaintiff was physically restrained and blindfolded, Defendant DARKHOLME is clearly seen on
video footage forcefully pushing Plaintiff's head and mouth into the penises of dozens of men to
perform oral sex on them.   None of these performers were wearing a condom nor were any
barriers used.  Defendant DARHOLME was so powerfully thrusting Plaintiff's head that
Plaintiff is heard making gagging sounds at several points during the shoot.

16

17

18

95.   Defendants knew that the representation to Plaintiff that the May 3 shoot was a
condom and barrier required shoot was false when they made it; and/or Defendants made the
representation recklessly and without regard for its truth.

19

20

21

22

96.   Defendants intended that Plaintiff rely on the above representation.  In order to secure
Plaintiff for the part in the May 3 shoot, Defendants emailed Plaintiff on March 26, 2013
requesting that Plaintiff take part in a May 3, 2013 video shoot. The email explicitly stated the
following, **"This is a condom and barrier protection required shoot."**

23

24

25

26

97.   In April of 2013, JOHN DOE was contacted by KINK.COM's Talent Coordinator
Bobby Sanchez about performing in BoundInPublic.com's May 3, 2013 video shoot. Prior to
booking the shoot, Plaintiff reasonably relied on Defendants' representation, **"This is a condom
and barrier protection required shoot."**

27

28

98.   Plaintiff was harmed in that he contracted HIV on the May 3 shoot as a result of
condoms and/or barriers not being used.

99. Defendants, by and through their managing agents, knew of and condoned the behavior of Defendants. The acts complained of herein were adopted, approved, condoned and/or taken by one or more managing agent of Defendants each of whom had the authority to make policy and/or to direct a substantial portion of its business.

100. Plaintiff's reliance on Defendants' representation that the May 3 shoot was a condom and barrier protection required shoot was a substantial factor in causing his harm.

101. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff has suffered damages in the form of physical harm when he contracted HIV while performing at the May 3, 2013 shoot. Plaintiff has incurred and will continue to incur significant costs for medical treatment, medications, and all other related expenses for the treatment of his contracted illness.

102. As a direct and proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has suffered damages including, but not limited to, past and future lost earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits of this court. The exact amount of said losses will be stated according to proof at trial.

103. As a further direct and proximate result of the aforementioned conduct of said Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but not limited to, great derision and embarrassment amongst members of the community and family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear, humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general damage, in an amount to be stated according to proof at trial.

104. The aforementioned acts were committed by Defendants, and each of them, and/or by officers, directors, managing agents, agents and/or representatives of Defendants and/or were known to, aided, abetted, authorized by, ratified by and/or otherwise approved by Defendants and/or by the officers, directors, managing agents, agents and/or representatives of Defendants. The above acts of Defendants, and each of them, were despicable and committed knowingly, willfully and maliciously, with the intent to harm, injure, vex, annoy and oppress Plaintiff and with a conscious disregard of Plaintiff's rights, health, and safety. KINK Defendants,

1    ACWORTH, and DARKHOLME, consciously disregarded the rights and safety of Plaintiff and

2    other models working for KINK Defendants by prioritizing corporate profits over human lives.

3    Plaintiff is therefore entitled to punitive damages in a sum sufficient to punish said defendants so

4    that such conduct will not take place again.

5                      **FOURTH CAUSE OF ACTION**

6             **CIVIL CONSPIRACY TO COMMIT FRAUD**

7         (against KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM;
       CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER

8            ACWORTH; VAN DARKHOLME and DOES 1-50)

9       105. Plaintiff incorporates each and every paragraph of the complaint as though fully set

10    forth in the cause of action.

11       106. Upon information and belief, PETER ACWORTH and KINK DEFENDANTS and

12    DOES 1-50 agreed with DEFENDANT VANDARKHOLME to make intentional

13    misrepresentations to Plaintiff, including but not limited to the following: That the May 3 shoot

14    would be a condom and barrier required shoot.

15       107. All Defendants agreed to engage in a conspiracy to subject Plaintiff to the fraudulent

16    representations in order to induce Plaintiff to participate in Defendants' May 3 shoot.

17       108. All Defendants agreed to engage in a scheme, which was intended to violate

18    Plaintiff's rights. All Defendants knowingly and willfully agreed amongst themselves to subject

19    Plaintiff to the fraudulent representations in order to induce Plaintiff to participate in Defendants'

20    May 3 shoot.

21       109. All Defendants combined to inflict wrongs against and/or injury on Plaintiff as

22    described in this Complaint. All Defendants understood, accepted, and/or explicitly and/or

23    implicitly agreed to the general objectives of their scheme to subject Plaintiff to fraudulent

24    representations in order to induce Plaintiff to participate in Defendants' May 3 shoot.

25       110. All Defendants acquired, possessed, and maintained a general knowledge of the

26    conspiracy's objectives to inflict wrongs against and/or injury upon Plaintiff as described in this

27    Complaint.

28       111. Defendants, by and through their managing agents, knew of and condoned the

1  behavior of Defendants. The acts complained of herein were adopted, approved, condoned

2  and/or taken by one or more managing agent of Defendants each of whom had the authority to

3  make policy and/or to direct a substantial portion of its business.

4      112.  Defendants' conspiracy to commit these tortious acts on Plaintiff was a substantial

5  factor in causing damage and injury to Plaintiff as alleged herein.

6      113.  As a direct and proximate result of the aforementioned conduct of Defendants,

7  Plaintiff has suffered damages in the form of physical harm when he contracted HIV while

8  performing at the May 3, 2013 shoot. Plaintiff has incurred and will continue to incur significant

9  costs for medical treatment, medications, and all other related expenses for the treatment of his

10  contracted illness.

11     114.  As a direct and proximate result of the aforementioned conduct of Defendants, and

12  each of them, Plaintiff has suffered damages including, but not limited to, past and future lost

13  earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits

14  of this court.  The exact amount of said losses will be stated according to proof at trial.

15     115.  As a further direct and proximate result of the aforementioned conduct of said

16  Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but

17  not limited to, great derision and embarrassment amongst members of the community and

18  family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear,

19  humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general

20  damage, in an amount to be stated according to proof at trial.

21     116.  The aforementioned acts were committed by Defendants, and each of them, and/or by

22  officers, directors, managing agents, agents and/or representatives of Defendants and/or were

23  known to, aided, abetted, authorized by, ratified by and/or otherwise approved by Defendants

24  and/or by the officers, directors, managing agents, agents and/or representatives of Defendants.

25  The above acts of Defendants, and each of them, were despicable and committed knowingly,

26  willfully and maliciously, with the intent to harm, injure, vex, annoy and oppress Plaintiff and

27  with a conscious disregard of Plaintiff's rights, health, and safety.  KINK Defendants,

28  ACWORTH, and DARKHOLME, consciously disregarded the rights and safety of Plaintiff and

1    other models working for KINK Defendants by prioritizing corporate profits over human lives.

2    Plaintiff is therefore entitled to punitive damages in a sum sufficient to punish said defendants so

3    that such conduct will not take place again.

### FIFTH CAUSE OF ACTION

4

5    **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
     (against KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM;

6    CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER
     ACWORTH; VAN DARKHOLME and DOES 1-50)

7

8    117.  Plaintiff incorporates each and every paragraph of the complaint as though fully set

9    forth in the cause of action.

10    118.  Defendants, and each of them, entered into a contract with Plaintiff JOHN DOE on

11    May 3, 2013 (hereinafter "CONTRACT").

12    119.  At the time of entering into the CONTRACT and at all relevant times, Plaintiff was

13    an actor and model in the adult entertainment industry.

14    120.  Plaintiff fully performed all duties required of him under the CONTRACT.

15    121.  In the CONTRACT there was an implied promise of good faith and fair dealing. The

16    implied promise meant that each party would not do anything to unfairly interfere with the right

17    of the other party to receive benefits of the contract.  This requires, among other things, that:

18    each party in the relationship must act with good faith toward the other concerning all matters

19    related to the CONTRACT; each party in the CONTRACT must act with fairness toward the

20    other concerning all matters related to the CONTRACT; and Defendants would comply with its

21    own representations, rules, policies, and procedures in dealing with Plaintiff.

22    122.  Defendants breached the covenant of good faith and fair dealing in the following

23    ways:

24        a.  Defendants told Plaintiff that the May 3 shoot would be a condom and barrier

25            required shoot.

26        b.  Defendants also violated California *Code of Regulations* Title 8, Section 5193,

27            which required performers to use barrier protection including condoms, to protect

28            them during the production of adult films, including, but not limited to the May 3

---

1   shoot involving Plaintiff.

2      c.  Defendants had a duty to have a work place safety specialist at the shoot to ensure

3         adequate personal protective equipment is available at the shoot.

4      d.  Defendants had a duty to inspect all performers for cuts, sores, and lesions.

5      e.  Defendants had a duty to have a Bloodborne Pathogen Exposure Control Plan in

6         order to protect their performers, including Plaintiff.

7      f.  Defendants had a duty to maintain appropriate health records of their performers,

8         including STD and HIV tests before shooting commenced.

9      g.  Defendant DARKHOLME had a duty as director of the May 3 shoot to enforce

10        the use of condoms at the shoot.

11     h.  Defendants repeatedly refused to abide by their own policies when dealing with

12        Plaintiff.

13     123.  Defendants unfairly interfered with Plaintiff's rights to receive the benefits of the

14  CONTRACT. As a result of Plaintiff becoming HIV positive, Plaintiff could no longer engage in

15  Defendants' shoots or other shoots in the porn industry.

16     124.  Defendants' conduct was a failure to act fairly and in good faith.

17     125.  Defendants, by and through their managing agents, knew of and condoned the

18  behavior of Defendants. The acts complained of herein were adopted, approved, condoned

19  and/or taken by one or more managing agent of Defendants each of whom had the authority to

20  make policy and/or to direct a substantial portion of its business.

21     126.  As a direct and proximate result of the aforementioned conduct of Defendants,

22  Plaintiff has suffered damages in the form of physical harm when he contracted HIV while

23  performing the CONTRACT on May 3, 2013. Plaintiff has incurred and will continue to incur

24  significant costs for medical treatment, medications, and all other related expenses for the

25  treatment of his contracted illness.

26     127.  Due to Plaintiff's diagnosis with HIV, he is no longer able to perform as an actor and

27  model.  As a direct and proximate result of the aforementioned conduct of Defendants, and each

28  of them, Plaintiff has suffered damages including, but not limited to, past and future lost earnings

1  and medical and/or psychological treatment expenses, all within the jurisdictional limits of this

2  court. The exact amount of said losses will be stated according to proof at trial.

3      128. As a further direct and proximate result of the aforementioned conduct of said

4  Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but

5  not limited to, great derision and embarrassment amongst members of the community and

6  family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear,

7  humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general

8  damage, in an amount to be stated according to proof at trial.

9      129. As a further, direct and proximate result of the aforementioned conduct of

10  Defendants, and each of them, Plaintiff has been obliged to expend or incur liability for costs of

11  suit, attorneys' fees and related expenses in an amount not yet fully ascertained, but which will

12  be submitted at the time of trial.

13  ### SIXTH CAUSE OF ACTION

14  ### NEGLIGENT SUPERVISION
    (against KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM;
15  CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER
    ACWORTH; VAN DARKHOLME and DOES 1-50)
16

17      130. Plaintiff incorporates each and every paragraph of the complaint as though fully set

18  forth in the cause of action.

19      131. Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

20  owed Plaintiff a duty to provide reasonable supervision to their employees, agents, and/or

21  contractors, including but not limited to Defendant DARKHOLME and/or Defendant

22  ACWORTH.

23      132. Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

24  had a duty to ensure that their employees, agents, and/or contractors, including but not limited to,

25  Defendant DARKHOLME and/or Defendant ACWORTH, would properly execute their

26  functions, duties, and obligations in a lawful manner.

27      133. Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

28  knew or should have known that Defendants' employees, agents, and/or contractors, including

1  but not limited to, Defendant DARKHOLME and/or Defendant ACWORTH, were unfit for their

2  positions and that this unfitness created a particular risk to others, including Plaintiff.

3      134.  Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

4  failed to supervise and/or train Defendants' employees, agents, and/or contractors, including but

5  not limited to, Defendant DARKHOLME and/or Defendant ACWORTH, such that the following

6  laws, rules, regulations, and/or policies were violated:

   a.  The May 3, 2013 shoot was a condom and barrier required shoot, however,
7
       neither condoms nor barriers were required or used with regard to oral sex;
8
   b.  California *Code of Regulations* Title 8, Section 5193 was violated, which required
9
       performers to use barrier protection including condoms, to protect them during the
10
       production of adult films, including, but not limited to the May 3 shoot involving
11
       Plaintiff;
12
   c.  No work place safety specialist was at the May 3 shoot to ensure adequate
13
       personal protective equipment is available at the shoot;
14
   d.  Performers, including Plaintiff, were not inspected for cuts, sores, and lesions
15
       during the May 3 shoot;
16
   e.  No Bloodborne Pathogen Exposure Control Plan was in place in order to protect
17
       their performers, including Plaintiff;
18
   f.  Appropriate health records were not maintained of Defendants' performers,
19
       including STD and HIV tests before the May 3 shoot commenced;
20
   g.  Defendant DARKHOLME failed to enforce the use of condoms at the shoot; and
21
   h.  Defendants repeatedly refused to abide by their own policies when dealing with
22
       Plaintiff.
23
24      135.  By failing to carry out their duty of supervision relating to Defendants' employees,

25  agents, and/or contractors, including but not limited to, Defendant DARKHOLME and/or

26  Defendant ACWORTH, Defendants ACWORTH, KINK Defendants and/or Defendant

27  DARKHOLME breached their duty of care to Plaintiff.

28      136.  Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

1   condoned and approved the unlawful conduct of Defendants' employees, agents, and/or

2   contractors, including but not limited to, Defendant DARKHOLME and/or Defendant

3   ACWORTH.  As a result, KINK Defendants negligently supervised Defendant DARKHOLME

4   and/or Defendant ACWORTH, and KINK Defendants' employees, agents, and/or contractors.

5   As a result, Defendants ACWORTH and DARKHOLME also negligently supervised

6   Defendants' employees, agents, and/or contractors. In failing to supervise Defendant

7   ACWORTH, Defendant DARKHOLME, and KINK Defendants' employees, agents, and/or

8   contractors, KINK DEFENDANTS, and Defendant ACWORTH, and Defendant DARKHOLME

9   did not act reasonably and breached their duty of care to Plaintiff as a result.

10       137.  Defendants, by and through their managing agents, knew of and condoned the

11   behavior of Defendants. The acts complained of herein were adopted, approved, condoned

12   and/or taken by one or more managing agent of Defendants each of whom had the authority to

13   make policy and/or to direct a substantial portion of its business.

14       138.  Defendants' negligent supervision was a substantial factor in causing damage and

15   injury to Plaintiff.  As a direct and proximate result of the aforementioned conduct of

16   Defendants, and each of them, Plaintiff has suffered damages in the form of physical harm when

17   he contracted HIV while performing at the May 3, 2013 shoot. Plaintiff has incurred and will

18   continue to incur significant costs for medical treatment, medications, and all other related

19   expenses for the treatment of his contracted illness.

20       139.  As a direct and proximate result of the aforementioned conduct of Defendants, and

21   each of them, Plaintiff has suffered damages including, but not limited to, past and future lost

22   earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits

23   of this court.  The exact amount of said losses will be stated according to proof at trial.

24       140.  As a further direct and proximate result of the aforementioned conduct of said

25   Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but

26   not limited to, great derision and embarrassment amongst members of the community and

27   family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear,

28   humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general

1    damage, in an amount to be stated according to proof at trial.

2                          **SEVENTH CAUSE OF ACTION**

3                      **NEGLIGENT HIRING AND/OR RETENTION**
                   (against KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM;
4        CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER
5                     ACWORTH; VAN DARKHOLME and DOES 1-50)

6        141.  Plaintiff incorporates each and every paragraph of the complaint as though fully set

7    forth in the cause of action.

8        142.  Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

9    negligently hired and/or retained Defendants' employees, agents, and/or contractors, including

10   but not limited to, Defendant DARKHOLME and/or Defendant ACWORTH.

11       143.  Defendants' employees, agents, and/or contractors, including but not limited to,

12   Defendant DARKHOLME and/or Defendant ACWORTH were unfit to perform the work for

13   which they were hired and/or retained, including in the following areas:

14       a.  Enforcing California *Code of Regulations* Title 8, Section 5193, which required

15           performers to use barrier protection including condoms, to protect them during the

16           production of adult films, including, but not limited to the May 3 shoot involving

17           Plaintiff;

18       b.  Ensuring that work place safety specialist was at the May 3 shoot in order to

19           confirm that adequate personal protective equipment was available at the shoot;

20       c.  Inspecting all performers for cuts, sores, and lesions during the May 3 shoot,

21           including Plaintiff;

22       d.  Enforcing the Bloodborne Pathogen Exposure Control Plan in order to protect

23           Defendants' performers, including Plaintiff;

24       e.  Maintaining appropriate health records of Defendants' performers, including STD

25           and HIV tests before the May 3 shoot commenced; and

26       f.  Enforcement of the use of condoms at the May 3 shoot.

27       144.  Defendants' employees, agents, and/or contractors, including but not limited to,

28   Defendant DARKHOLME and/or Defendant ACWORTH did not have any training to enforce

1   the above laws, rules, regulations, and/or policies, yet they were provided such authority by

2   KINK Defendants.

3       145.  Defendants ACWORTH and KINK DEFENDANTS and/or Defendant

4   DARKHOLME knew or should have known that Defendants' employees, agents, and/or

5   contractors, including but not limited to, Defendant DARKHOLME and/or Defendant

6   ACWORTH, were unfit for his position and that this unfitness created a particular risk to others,

7   including Plaintiff.

8       146.  In choosing to hire and/or retain Defendants' employees, agents, and/or contractors,

9   including but not limited to, Defendant DARKHOLME and/or Defendant ACWORTH, in light

10  of the facts contained herein and incorporated by reference, Defendants ACWORTH and KINK

11  Defendants and/or Defendant DARKHOLME did not act reasonably and breached their duty of

12  care to Plaintiff as a result.

13      147.  Defendants ACWORTH and KINK Defendants and/or Defendant DARKHOLME

14  condoned and approved the unlawful conduct of Defendants' employees, agents, and/or

15  contractors, including but not limited to, Defendant DARKHOLME and/or Defendant

16  ACWORTH.  As a result, KINK Defendants negligently hired and/or retained Defendant

17  DARKHOLME and/or Defendant ACWORTH, and KINK Defendants' employees, agents,

18  and/or contractors.  As a result, Defendants ACWORTH and DARKHOLME also negligently

19  hired and/or retained Defendants' employees, agents, and/or contractors. In negligently hiring

20  and/or retaining Defendant ACWORTH, Defendant DARKHOLME, and KINK Defendants'

21  employees, agents, and/or contractors, KINK DEFENDANTS, and Defendant ACWORTH, and

22  Defendant DARKHOLME did not act reasonably and breached their duty of care to Plaintiff as a

23  result.

24      148.  Defendants, by and through their managing agents, knew of and condoned the

25  behavior of Defendants. The acts complained of herein were adopted, approved, condoned

26  and/or taken by one or more managing agent of Defendants each of whom had the authority to

27  make policy and/or to direct a substantial portion of its business.

28      149.  Defendants' negligent hiring and/or retention of Defendants' employees, agents,

1    and/or contractors, including but not limited to, Defendant DARKHOLME and/or Defendant

2    ACWORTH, was a substantial factor in causing damage and injury to Plaintiff. As a direct and

3    proximate result of the aforementioned conduct of Defendants, and each of them, Plaintiff has

4    suffered damages in the form of physical harm when he contracted HIV while performing at the

5    May 3, 2013 shoot. Plaintiff has incurred and will continue to incur significant costs for medical

6    treatment, medications, and all other related expenses for the treatment of his contracted illness.

7        150.  As a direct and proximate result of the aforementioned conduct of Defendants, and

8    each of them, Plaintiff has suffered damages including, but not limited to, past and future lost

9    earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits

10   of this court.  The exact amount of said losses will be stated according to proof at trial.

11       151.  As a further direct and proximate result of the aforementioned conduct of said

12   Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but

13   not limited to, great derision and embarrassment amongst members of the community and

14   family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear,

15   humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general

16   damage, in an amount to be stated according to proof at trial.

17   **EIGHTH CAUSE OF ACTION**

18   **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

19   (against KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET
     ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH; VAN

20   DARKHOLME and DOES 1-50.)

21       152.  Plaintiff incorporates each and every paragraph of the complaint as though fully set

22   forth in the cause of action.

23       153.  The conduct of Defendants was, and is, extreme and outrageous because Defendants

24   intentionally and recklessly violated statutes and public policies, including but not limited to,

25   California *Code of Regulations* Title 8, Section 5193, and intentionally misrepresented to

26   Plaintiff that the May 3 shoot was a condom and barrier required shoot in order to induce

27   Plaintiff to perform at the shoot when Defendants knew that they would not require condoms or

28   barriers in the performance of oral sex during the shoot.  Moreover, at the May 3 shoot, Plaintiff

1    JOHN DOE was forced by Defendants to sexually interact with almost every member of the

2    public. While Plaintiff was physically restrained and blindfolded, Defendant DARKHOLME is

3    clearly seen on video footage forcefully pushing Plaintiff's head and mouth into the penises of

4    dozens of men to perform oral sex on them.   None of these performers were wearing a condom

5    nor were any barriers used.  Defendant DARHOLME was so powerfully thrusting Plaintiff's

6    head that Plaintiff is heard making gagging sounds at several points during the shoot.

7        154.  This conduct of Defendants, and each of them, were affirmatively based on policies,

8    expectations and standards, that were illegal, and was done intentionally and unreasonably with

9    the recognition that their acts were likely to result in damages to Plaintiff in the form of mental

10   distress.

11       155.  Defendants, by and through their managing agents, knew of and condoned the

12   behavior of Defendants. The acts complained of herein were adopted, approved, condoned

13   and/or taken by one or more managing agent of Defendants each of whom had the authority to

14   make policy and/or to direct a substantial portion of its business.

15       156.  The acts of Defendants, by and through its managing agents, were done with the

16   intention to cause or with the wanton and reckless disregard of the probability of causing serious

17   emotional distress injuries to Plaintiff and as a direct and proximate result of the aforementioned

18   behavior of Defendants, Plaintiff suffered humiliation, embarrassment, mortification, severe

19   emotional distress and great and emotional suffering. The Defendants and each of them, acted

20   deliberately for the purpose of injuring Plaintiff. The acts complained of herein were occasioned

21   by the intentional acts of Defendants or those acts which were done with reckless disregard and

22   the probability of causing severe emotional distress and such infliction was a substantial factor in

23   causing damage and injury to Plaintiff as set forth below.

24       157.  Defendants' extreme and outrageous conduct toward Plaintiff was a substantial factor

25   in causing damage and injury to Plaintiff as alleged herein.

26       158.  As a direct and proximate result of the aforementioned conduct of Defendants,

27   Plaintiff has suffered damages in the form of physical harm when he contracted HIV while

28   performing at the May 3, 2013 shoot. Plaintiff has incurred and will continue to incur significant

1    costs for medical treatment, medications, and all other related expenses for the treatment of his

2    contracted illness.

3         159.  As a direct and proximate result of the aforementioned conduct of Defendants, and

4    each of them, Plaintiff has suffered damages including, but not limited to, past and future lost

5    earnings and medical and/or psychological treatment expenses, all within the jurisdictional limits

6    of this court.  The exact amount of said losses will be stated according to proof at trial.

7         160.  As a further direct and proximate result of the aforementioned conduct of said

8    Defendants, and each of them, Plaintiff has suffered mental and emotional distress including, but

9    not limited to, great derision and embarrassment amongst members of the community and

10   family, he has also suffered severe emotional distress, including, but not limited to, anxiety, fear,

11   humiliation, mental anguish, depression, and post-traumatic stress disorder, all to his general

12   damage, in an amount to be stated according to proof at trial.

13        161.  The aforementioned acts were committed by Defendants, and each of them, and/or by

14   officers, directors, managing agents, agents and/or representatives of Defendants and/or were

15   known to, aided, abetted, authorized by, ratified by and/or otherwise approved by Defendants

16   and/or by the officers, directors, managing agents, agents and/or representatives of Defendants.

17   The above acts of Defendants, and each of them, were despicable and committed knowingly,

18   willfully and maliciously, with the intent to harm, injure, vex, annoy and oppress Plaintiff and

19   with a conscious disregard of Plaintiff's rights, health, and safety.  KINK Defendants,

20   ACWORTH, and DARKHOLME, consciously disregarded the rights and safety of Plaintiff and

21   other models working for KINK Defendants by prioritizing corporate profits over human lives.

22   Plaintiff is therefore entitled to punitive damages in a sum sufficient to punish said defendants so

23   that such conduct will not take place again.

24   //

25   //

26   //

27   //

28   //

1

## **DEMAND FOR JURY TRIAL**

2    Plaintiff JOHN DOE herewith demands a jury trial on all issues.

3

4

## **PRAYER FOR RELIEF**

5    Wherefore, Plaintiff prays that the Court grant her the following relief:

6        1.   For compensatory damages according to proof;

7        2.   For monetary damages to compensate for the emotional distress and suffered by

8             Plaintiff;

9        3.   For interest on the sum of damages award;

10       4.   For reasonable attorneys' fees;

11       5.   For punitive damages;

12       6.   For costs of suit herein incurred;

13       7.   For such other and future relief as the Court deems proper.

14

15

16   Dated: April 28, 2015                    Respectfully submitted,
                                              RIBERA LAW FIRM
17

18
                                      By:   _____
19                                          Sandra Ribera Speed, Esq.
20                                          Attorneys for Plaintiff JOHN DOE

21

22

23

24

25

26

27

28

**EXHIBIT 2**

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET
ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER
ACWORTH; VAN DARKHOLME and DOES 1 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN DOE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>CGC 15-545540 |
|---|---|

San Francisco Superior Court
400 McAllister Street, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* 415-576-1600
Sandra Ribera Speed, Esq., Ribera Law Firm, APC, 157 West Portal Ave., Suite 2, San Francisco, CA 94127

| DATE: APR 28 2015<br>*(Fecha)* | CLERK OF THE COURT | Clerk, by<br>*(Secretario)* | MEREDITH GRIER | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**EXHIBIT 3**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Avenue, Suite 2, San Francisco, CA 94127<br>TELEPHONE NO.: (415)576-1600    FAX NO. *(Optional):* (415)842-0321<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, JOHN DOE | **ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: 400 McCallister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco, CA 94102 |
| BRANCH NAME: Civil Center Courthouse - Civil |

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.Com, et al | CGC-15-545540 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✔] summons
   b. [✔] complaint
   c. [✔] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*

   VAN DARKHOLME

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   157 West Portal Ave., Suite 2, San Francisco, CA 94127
5. I served the party *(check proper box)*
   a. [✔] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* June 22, 2015   (2) at *(time):* 1:45 pm
   b. [ ] **by substituted service.** On *(date):*         at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.Com, et al | CGC-15-545540 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid.

     (1)  on *(date)*:             (2)  from *(city)*:

     (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

     (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

   d.  ☐  **by other means** *(specify means of service and authorizing code section)*:

     ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  ☑  as an individual defendant.
   b.  ☑  as the person sued under the fictitious name of *(specify)*:  True name is unknown to Plaintiff
   c.  ☐  as occupant.
   d.  ☐  On behalf of *(specify)*:
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
   a.  Name: Sandra Ribera Speed, Esq. (SBN 236769
   b.  Address: 157 West Portal Ave., Suite 2, San Francisco, CA 94590
   c.  Telephone number: (415)576-1600
   d.  The fee for service was: $0
   e.  I am:
     (1)  ☑  not a registered California process server.
     (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
     (3)  ☐  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 22, 2015

Sandra Ribera Speed, Esq. (SBN236769
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *Sandra Ribera Speed*
               (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

**EXHIBIT 4**

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Ave., Suite 2, San Francisco, CA 94127`<br>    TELEPHONE NO.: (415)576-1600    FAX NO. *(Optional)*: (415)842-0321<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, JOHN DOE | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>    STREET ADDRESS: 400 McAllister Street<br>    MAILING ADDRESS:<br>    CITY AND ZIP CODE: San Francisco, CA 94102<br>    BRANCH NAME: Civil Center Courthouse - Civil | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Doe<br><br>DEFENDANT/RESPONDENT: Kink.com, et al | **CASE NUMBER:**<br>CGC-15-545540 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | **Ref. No. or File No.:** |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   KINK STUDIOS, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Karen Tynan, Attorney

4. Address where the party was served: 157 West Portal Ave., Suite 2, San Francisco, CA 94127

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/23/15 (2) at *(time):* 11:43 am
   b. ☐ **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1)  on *(date):*                      (2)  from *(city):*

      (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

      (4)  ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section):*

      ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
  a.   ☑   as an individual defendant.
  b.   ☐   as the person sued under the fictitious name of *(specify):*
  c.   ☐   as occupant.
  d.   ☐   On behalf of *(specify):*
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.   **Person who served papers**
  a.   Name:  Sandra Ribera Speed, Esq. (SBN 236769)
  b.   Address:  157 West Portal Ave., Suite 2, San Francisco, CA 94127
  c.   Telephone number:  (415)576-1600
  d.   The fee for service was: $
  e.   I am:
      (1)  ☑   not a registered California process server.
      (2)  ☐   exempt from registration under Business and Professions Code section 22350(b).
      (3)  ☐   a registered California process server:
          (i)  ☐  owner  ☐  employee  ☐  independent contractor.
          (ii)  Registration No.:
          (iii)  County:

8.   ☑   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9.   ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  June 23, 2015

Sandra Ribera Speed, Esq. (SBN 236769)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE )

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Ave., Suite 2, San Francisco, CA 94127'<br>TELEPHONE NO.: (415)576-1600    FAX NO. *(Optional):* (415)842-0321<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, JOHN DOE | FOR COURT USE ONLY<br><br>ELECTRONICALLY<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civil Center Courthouse - Civil |

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Seperate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:

    a.  ☑  summons

    b.  ☑  complaint

    c.  ☑  Alternative Dispute Resolution (ADR) package

    d.  ☐  Civil Case Cover Sheet *(served in complex cases only)*

    e.  ☐  cross-complaint

    f.  ☐  other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*

       KINK.COM

    b.  ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

       Karen Tynan, Attorney

4.  Address where the party was served:
    157 West Portal Ave., Suite 2, San Francisco, CA 94127

5.  I served the party *(check proper box)*

    a.  ☑  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* 6/23/15   (2) at *(time):* 11:43 am

    b.  ☐  **by substituted service.** On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

       (1)  ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2)  ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3)  ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4)  ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or ☐  a declaration of mailing is attached.

       (5)  ☐  I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

      (1) on *(date):*                     (2) from *(city):*

      (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

      (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)          ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)              ☐ 415.46 (occupant)
                                    ☐ other:

7.  **Person who served papers**
  a. Name: Sandra Ribera Speed, Esq. (SBN 236769)
  b. Address: 157 West Portal Ave., Suite 2, San Francisco, CA 94127
  c. Telephone number: (415)576-1600
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner   ☐ employee   ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 23, 2015

Sandra Ribera Speed, Esq. (SBN 236769)
<small>(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)</small>     ▶ *(signature)*     <small>(SIGNATURE )</small>

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Ave., Suite 2, San Francisco, CA 94127`<br>TELEPHONE NO.: (415)576-1600    FAX NO. *(Optional):* (415)842-0321<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, JOHN DOE | **ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco | |
|---|---|
| STREET ADDRESS: 400 McAllister Street | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Francisco, CA 94102 | |
| BRANCH NAME: Civil Center Courthouse - Civil | |

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   CYBERNET ENTERTAINMENT, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Karen Tynan, Attorney

4. Address where the party was served:
   157 West Portal Ave., Suite 2, San Francisco, CA 94127

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/23/15   (2) at *(time):* 11:43 am
   b. ☐ **by substituted service.** On *(date):*             at *(time):*             I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*             from *(city):*             or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: John Doe | CGC-15-545540 |
| DEFENDANT/RESPONDENT: Kink.com, et al | |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*              (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☑ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☐ On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: Sandra Ribera Speed, Esq. (SBN 236769)
  b. Address: 157 West Portal Ave., Suite 2, San Francisco, CA 94127
  c. Telephone number: (415)576-1600
  d. The fee for service was: $
  e. I am:
    (1) ☑ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 23, 2015

Sandra Ribera Speed, Esq. (SBN 236769)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*
              (SIGNATURE )

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Ave., Suite 2, San Francisco, CA 94127<br>TELEPHONE NO.: (415)576-1600     FAX NO. *(Optional):* (415)842-0321<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, JOHN DOE | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>STREET ADDRESS: 400 McAllister Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Francisco, CA 94102<br>BRANCH NAME: Civil Center Courthouse - Civil | |
| **PLAINTIFF/PETITIONER:** John Doe<br><br>**DEFENDANT/RESPONDENT:** Kink.com, et al | **CASE NUMBER:**<br>CGC-15-545540 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      ARMORY STUDIOS, LLC

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Karen Tynan, Attorney

4. Address where the party was served:
   157 West Portal Ave., Suite 2, San Francisco, CA 94127

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/23/15 (2) at *(time):* 11:43 am
   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):* from *(city):* or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                      (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)          ☐ 415.46 (occupant)
                                     ☐ other:

7. **Person who served papers**
   a. Name: Sandra Ribera Speed, Esq. (SBN 236769)
   b. Address: 157 West Portal Ave., Suite 2, San Francisco, CA 94127
   c. Telephone number: (415)576-1600
   d. The fee for service was: $
   e. I am:
      (1) ☑ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
         (i) ☐ owner  ☐ employee  ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 23, 2015

Sandra Ribera Speed, Esq. (SBN 236769)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)      ▶ *(signature)* (SIGNATURE)

POS-010 [Rev. January 1, 2007]          **PROOF OF SERVICE OF SUMMONS**          Page 2 of 2

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Ave., Suite 2, San Francisco, CA 94127'<br>  TELEPHONE NO.: (415)576-1600   FAX NO. *(Optional):* (415)842-0321<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, JOHN DOE | **FOR COURT USE ONLY**<br><br>**ELECTRONICALLY**<br>**FILED**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Francisco<br>  STREET ADDRESS: 400 McAllister Street<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE: San Francisco, CA 94102<br>  BRANCH NAME: Civil Center Courthouse - Civil | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

| | |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      KINKMEN.COM

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Karen Tynan, Attorney

4. Address where the party was served:
   157 West Portal Ave., Suite 2, San Francisco, CA 94127

5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 6/23/15  (2) at *(time):* 11:43am
   b. ☐ **by substituted service.** On *(date):*      at *(time):*      I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*             (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me.  *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  Person who served papers
  a.  Name:  Sandra Ribera Speed, Esq. (SBN 236769)
  b.  Address:  157 West Portal Ave., Suite 2, San Francisco, CA 94127
  c.  Telephone number:  (415)576-1600
  d.  The fee for service was: $
  e.  I am:
    (1) ☑  not a registered California process server.
    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐  a registered California process server:
      (i) ☐ owner  ☐ employee  ☐ independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 23, 2015

Sandra Ribera Speed, Esq. (SBN 236769)
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*     (SIGNATURE )

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Sandra Ribera Speed, Esq. (SBN 236769)<br>Ribera Law Firm<br>A Professional Corporation<br>157 West Portal Ave., Suite 2, San Francisco, CA 94127<br>TELEPHONE NO.: (415)576-1600   FAX NO. *(Optional)*: (415)842-0321<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, JOHN DOE | **ELECTRONICALLY**<br>**FILED**<br>Superior Court of California,<br>County of San Francisco<br>**06/29/2015**<br>**Clerk of the Court**<br>BY:KIMBERLY CLAUSSEN<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Center Courthouse - Civil

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
   PETER ACWORTH

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Karen Tynan, Attorney

4. Address where the party was served:
   157 West Portal Ave., Suite 2, San Francisco, CA 94127
5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 6/23/15  (2) at *(time)*: 11:43am
   b. [ ] by substituted service. On *(date)*:        at *(time)*:        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
       (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
       (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
       (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:        from *(city)*:        or [ ] a declaration of mailing is attached.
       (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]     **PROOF OF SERVICE OF SUMMONS**     Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Kink.com, et al | CGC-15-545540 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                            (2) from *(city):*

    (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☑  as an individual defendant.

  b. ☐  as the person sued under the fictitious name of *(specify):*

  c. ☐  as occupant.

  d. ☐  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**

  a. Name: Sandra Ribera Speed, Esq. (SBN 236769)

  b. Address: 157 West Portal Ave., Suite 2, San Francisco, CA 94127

  c. Telephone number: (415)576-1600

  d. The fee for service was: $

  e. I am:

    (1) ☑  not a registered California process server.

    (2) ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐  a registered California process server:

      (i) ☐ owner ☐ employee ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: June 23, 2015

Sandra Ribera Speed, Esq. (SBN 236769)
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          ▶    *(SIGNATURE)*