Sandra Ribera Speed, Esq. (SBN 236769)
sribera@riberalaw.com
**RIBERA LAW FIRM**
A Professional Corporation
157 West Portal Avenue, Suite 2
San Francisco, CA 94127
Tel: (415) 576-1600 Fax: (415) 842-0321

Attorneys for Plaintiff, JOHN DOE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN DOE,** | )  Case No.:  3:15-CVC-03377-JCS |
| **Plaintiff,** | ) |
| v. | )  **PLAINTIFF'S NOTICE OF MOTION** |
| | )  **AND MOTION TO REMAND** |
| **KINK.COM; KINK STUDIOS, LLC;** | )  **TO THE SUPERIOR COURT FOR** |
| **KINKMEN.COM; CYBERNET** | )  **THE CITY AND COUNTY OF SAN** |
| **ENTERTAINMENT, LLC; ARMORY** | )  **FRANCISCO FOR THE STATE OF** |
| **STUDIOS, LLC; PETER ACWORTH;** | )  **CALIFORNIA; SUPPORTING** |
| **VAN DARKHOLME and DOES 1 through 50,** | )  **MEMORANDUM OF POINTS AND** |
| **inclusive,** | )  **AUTHORITIES** |
| | ) |
| **Defendants.** | )  **[Filed Concurrently with Declaration of** |
| | )  **Sandra Ribera Speed and [Proposed]** |
| | )  **Order Granting Plaintiff's Motion For** |
| | )  **Remand]** |
| | ) |
| | )  **Date: September 11, 2015** |
| | )  **Time: 9:30 a.m.** |
| | )  **Courtroom: G, 15th Floor** |
| | )  **Hon.: Joseph C. Spero** |
| | ) |

1    **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO DEFENDANTS**

2    **AND THEIR ATTORNEY OF RECORD:**

3        **PLEASE TAKE NOTICE THAT** on September 11, 2015 at 9:30am or as soon as

4    counsel may be heard in the courtroom of the Honorable Joseph C. Spero, Courtroom G-15th

5    Floor, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Plaintiff John

6    Doe will move and hereby does move, pursuant to L.R. 7-2 , and 28 U.S.C. § 1447, for an order

7    remanding this action to the Superior Court of California, City and County of San Francisco,

8    where this action was originally filed, and for an award of costs and fees under 28 U.S.C

9    §1447(c) in the amount of $4,250.00 to be payable by removing Defendants.

10       Plaintiff moves to remand on three grounds: (1) Defendants' removal was improper

11   because Defendants are in-state defendants who removed the case based on federal court

12   diversity jurisdiction, and, as per 28 U.S.C § 1441(b)(2), in-state defendants may not remove

13   cases to federal court based on federal court diversity jurisdiction; (2) Defendants' removal was

14   untimely, as the thirty-day removal period prescribed in 28 U.S.C § 1446(b)(1) ended on

15   June 6, 2015, and Defendants filed their Notice of Removal on July 22, 2015; and (3)

16   Defendants' removal was deficient as it failed to include all pleadings served on Defendants

17   prior to removal as mandated by 28 U.S.C §1446 (a).

18       This Motion will be based on this Notice; the accompanying Memorandum of Points

19   and Authorities; attached Declaration of Sandra Ribera Speed; and such other matters of which

20   the Court may take notice.

21

22       Dated: August 7, 2015                         Respectfully Submitted,
                                                       RIBERA LAW FIRM
23                                                     A Professional Corporation

24

25                                               By: ___/s/ Sandra Ribera Speed___
                                                     Sandra Ribera Speed, Esq.
26                                                   Attorneys For Plaintiff
                                                     John Doe
27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff John Doe (hereinafter referred to as "Plaintiff") moves for an order to remand the action entitled *Doe v. Kink.com et al.,* Case No. 3:15-CVC-03377-JCS, to the Superior Court for the State of California, City and County of San Francisco, where it was originally filed. This Motion is made pursuant to 28 U.S.C. § 1447(c) and is timely since it is filed within thirty (30) days of the Defendants' July 22, 2015 filing of the Notice of Removal.

### II.    STATEMENT OF ISSUES

**(1)** Whether Defendants' removal of the action entitled *Doe v. Kink.Com, et al*., from the Superior Court of the State of California, City and County of San Francisco, to this Court based on federal court diversity jurisdiction was proper, in light of the fact that 28 U.S.C. § 1441(b)(2) precludes in-state defendants from removing federal court diversity jurisdiction actions filed in a defendant's state of citizenship, Defendants are all citizens of the State of California, and Plaintiff filed the action in California state court.

**(2)** Whether Defendants' removal of the action entitled *Doe v. Kink.Com, et al*., from Superior Court of the State of California, City and County of San Francisco, to this Court based on federal court diversity jurisdiction was proper, in light of the fact that 28 U.S.C. § 1446(b)(1) allows only thirty days to remove a case to federal court once defendants are aware that a case is removable, Defendants were aware of the facts that they purport supports removal on or before May 7, 2015, and Defendants did not file their Notice of Removal until July 22, 2015.

**(3)** Whether Defendants' removal of the action entitled *Doe v. Kink.Com, et al*., from Superior Court of the State of California, City and County of San Francisco, to this Court based on federal court diversity jurisdiction was proper, in light of the fact that 28 U.S.C §1446(a) requires all pleadings served on Defendants prior to removal to be accompanied to their Notice of Removal, Defendants were served with the First Amended Complaint on July 10, 2015 when each Defendant signed an Acknowledgment of Receipt, and Defendants failed to include a copy of this pleading in their Notice of Removal filed on July 22, 2015.

///

### III.    BACKGROUND AND PROCEDURAL HISTORY

On April 28, 2015, Plaintiff filed this action in the Superior Court of the State of California, City and County of San Francisco, naming KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC; PETER ACWORTH AND VAN DARKHOLME as Defendants, entitled *Doe v. Kink.com et. al.,* Case No. CGC-15-545540 (hereinafter referred to as the "Complaint"). A true and correct copy of that Complaint is attached to the Declaration of Sandra Ribera Speed (hereinafter referred to as "Speed Declaration") as **Exhibit 1**.

Plaintiff alleges eight causes of action in the Complaint, including (1) Negligence; (2) Negligence Per Se; (3) Intentional / Fraudulent Misrepresentation; (4) Civil Conspiracy to Commit Fraud; (5) Breach of Implied Covenant of Good Faith and Fair Dealing; (6) Negligent Supervision; (7) Negligent Hiring And/or Retention; and (8) Intentional Infliction of Emotional Distress. All of Plaintiff's claims in the Complaint arise under California state law.

On or about May 7, 2015 Defendants' attorney, Karen Tynan, commented on the filed Complaint. Her statements were reported on Xbiz.com and various other websites. A true and correct copy of the Xbiz.com article, which includes Ms. Tynan's comments, is attached to the Speed Declaration as **Exhibit 2**. Ms. Tynan's comments on the action included: "None of these claims were made at the time of the shoots, and are easily refuted both by detailed shoot records, our testing protocols, and the video footage itself." See Speed Decl., **Exhibit 2**.

On June 22, 2015, a Summons, Complaint and ADR package were served on Defendant HOGAN KARL aka VAN DARKHOLME in San Francisco, California. On June 23, 2015, a Summons, Complaint and ADR package were served on Defendants KINK.COM; KINK STUDIOS, LLC; KINKMEN.COM; CYBERNET ENTERTAINMENT, LLC; ARMORY STUDIOS, LLC and PETER ACWORTH in San Francisco, California. True and correct copies of each Proof of Service of Summons on the Defendants are attached to the Speed Declaration as **Exhibit 3**.

On June 30, 2015, Plaintiff filed a First Amended Complaint For Damages in the Superior Court of the State of California, City and County of San Francisco. The First

Amended Complaint names the same Defendants as in the initial Complaint. The First Amended Complaint alleges the original eight causes of action, and brings in two additional causes of action for Premises Liability and Battery. All ten causes of action in the First Amended Complaint (hereinafter referred to as the "FAC") arise under California state law. A true and correct copy of the FAC is attached to the Speed Declaration as **Exhibit 5**. Defendants base their Notice of Removal solely on the initially filed Complaint found in the Speed Declaration as **Exhibit 1**.

On July 10, 2015, Defendants each signed a Notice and Acknowledgement of Receipt for the FAC. True and correct copies of each of Defendants' signed Notice and Acknowledgement of Receipt are attached to the Speed Declaration as **Exhibit 6**.

On July 22, 2013, Defendants filed a Notice of Removal Pursuant to 28 U.S.C §§ 1332, 1441 and 1446. A true and correct copy of the Notice of Removal is attached the Speed Declaration as **Exhibit 4**. Defendants allege "this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendants pursuant to provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of [California and New York], and the amount in controversy exceeds the sum of $75,000." See Speed Decl., **Exhibit 4,** Notice of Removal ¶ 3.

Defendants included four (4) exhibits in their Notice of Removal. Defendant's Notice of Removal Exhibit 1 was a copy of the Plaintiff's Complaint filed April 28, 2015. Defendant's Notice of Removal Exhibit 2 was a copy of the Summons for Defendants' dated April 28, 2015. Defendant's Notice of Removal Exhibit 3 was the Proof of Service of Summons dated June 22, 2015 for Defendant VAN DARKHOLME. Defendant's Notice of Removal Exhibit 4 consisted of six (6) separate Proofs of Service of Summons for (1) Defendant KINK STUDIOS, LLC; (2) Defendant KINK.COM; (3) Defendant CYBERNET ENTERTAINMENT, LLC; (4) Defendant ARMORY STUDIOS, LLC; (5) Defendant KINKMEN.COM; and (6) Defendant PETER ACWORTH.

Defendants and Plaintiff both allege that all seven Defendants are citizens of California. More specifically, Corporate Defendants: (1) CYBERNET ENTERTAINMENT, LLC; (2)

KINK.COM; (3) KINK STUDIOS, LLC; (4) KINKMEN.COM; and (5) ARMORY STUDIOS, LLC, are all headquartered in the San Francisco Armory at 1800 Mission Street in San Francisco, California. Individual Defendants (6) PETER ACWORTH and (7) HOGAN KARL aka VAN DARKHOLME are also both citizens of California as they both work and reside in San Francisco, California. See Speed Decl., **Exhibit 1**, Complaint ¶ 2-8; and **Exhibit 4**, Notice of Removal ¶ 7-14.

## IV.  LEGAL ARGUMENT

**A.  THE COURT SHOULD REMAND THE CASE TO STATE COURT, BECAUSE DEFENDANTS ARE IN-STATE DEFENDANTS AND MAY NOT REMOVE THIS CASE TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION.**

**1.  Defendants Have Failed To Prove By a Preponderance of the Evidence That Removal is Proper.**

Removal statutes are construed narrowly, and jurisdiction must be rejected if there is any doubt as to the right of removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); *Prize Frize Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). When a case is removed from state court, the burden is on the party who removed the action to prove federal court diversity jurisdiction by a preponderance of the evidence. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-404 (9th Cir. 1996); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936).

Defendants have failed to meet their burden, because pursuant to 28 U.S.C §1441(b)(2), Defendants' removal to Federal Court in this action is improper.

**2.  Defendants Cannot Remove This Action To Federal Court, Because All Defendants Are Admittedly Citizens of California.**

In civil cases where federal court diversity jurisdiction can be established, plaintiffs may invoke that jurisdiction under 28 U.S.C. § 1332(a) and have the initial choice of federal or state court. Usually, when a plaintiff opts for state court, the defendant has the ability to remove the case to federal court under 28 U.S.C § 1441. However, the defendant's right to remove a case to federal court is not as extensive as a plaintiff's initial right to a federal forum. *Lincoln*

*Property Co. v. Roche* 546 U.S. 81 (2005); 28 U.S.C § 1441(b)(2). When it comes to the federal court's availability to plaintiffs and defendants in diversity cases, the "scales are not evenly balanced." *Id*. While an in-state plaintiff may invoke diversity jurisdiction to bring a case to federal court through removal, an in-state defendant may not. *Id*.

Here, Defendants' only grounds for removal is federal court diversity jurisdiction as defined in 28 U.S.C. § 1332. Defendants Notice of Removal ignores the plain language of 28 U.S.C § 1441(b)(2) which provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Defendants themselves concede that Defendants are all citizens of California. Corporate Defendants (1) CYBERNET ENTERTAINMENT, LLC; (2) KINK.COM; (3) KINK STUDIOS, LLC; (4) KINKMEN.COM; AND (5) ARMORY STUDIOS, LLC, are all headquartered in the San Francisco Armory at 1800 Mission Street in San Francisco, California. Individual Defendants (6) PETER ACWORTH (7) HOGAN KARL aka VAN DARKHOLME are both citizens of California as they both work and reside in San Francisco, California. See Speed Decl., **Exhibit 1**, Complaint ¶ 2-8; Speed Decl., **Exhibit 4**, Notice of Removal ¶ 7-14.

This action was initially brought in the Superior Court of California, City and County of San Francisco. See Speed Decl., **Exhibit 1**. All Defendants were properly joined and served in San Francisco, California. See Speed Decl., **Exhibit 3**. Defendants are all citizens of California. See Speed Decl., Exhibit 4, Notice of Removal ¶ 7-14. Thus, Defendants are all considered in-state defendants. As a result, Defendants may not seek to remove this case based on diversity jurisdiction. See 28. U.S.C. § 1441(b)(2). Accordingly, Defendants' removal to United States District Court for the Northern District of California was improper.

**B.     THE COURT SHOULD REMAND THE CASE BECAUSE DEFENDANTS' REMOVAL WAS UNTIMELY.**

Removal procedure is governed by 28 U.S.C. § 1446, which prescribes that the thirty-

day period for removal begins when the defendant receives a paper from which it "may first be ascertained" that the case is removable. Some circuits have held that the omission of a party's state of residence in a complaint may not excuse a defendant from having the burden to remove the case within thirty days of service or otherwise of that pleading. *Crews v. National Boat Owners Ass'n*, 2006 WL 902269, \*1 (M.D. Ala. April 6, 2006). However, controlling law from the Ninth Circuit has held that the thirty-day period for removal is only triggered if the pleading paper affirmatively reveals on its face the facts necessary for Federal Court jurisdiction. *Harris v. Bankers Life & Cas. Co.,* 425 F.3d 689, 694 (9th Cir.2005).

Here, the Complaint affirmatively pleaded on its face all facts necessary for Defendants' purported Federal Court jurisdiction. Defendants' Notice of Removal is based solely on facts found in the Complaint. See Speed Decl., **Exhibit 4**. Defendants' thirty-day removal period began to run on or before May 7, 2015 when Defendants displayed that they had a thorough knowledge of the Complaint. Defendants' knowledge on or before May 7, 2015 is shown from the statements Defendants' attorney, Karen Tynan, made to the press.

First, Ms. Tynan stated: "The Plaintiff has previously **filed similar claims** under worker's comp, and these were denied by the insurance company." [Emphasis added]. See Speed Decl**., Exhibit 4.** Moreover, Ms. Tynan said: "**None of these claims** were made at the time of the shoots, and are easily refuted by detailed shoot records…" [Emphasis added]. See Speed Decl., **Exhibit 4.**

Ms. Tynan's usage of the phrase: "none of these claims", displays a detailed and complete knowledge of the Complaint. Ms. Tynan's comparison of these claims to the previously denied worker's comp claims reinforces her awareness of Plaintiff's specific claims made in the Complaint.

Next, Ms. Tynan says that: "As the plaintiff mentions, **we** have a strong reputation within the industry … **we're** also more vulnerable to complaints like these that seek to play out in the court of public opinion." [Emphasis added]. See Speed Decl**., Exhibit 4**. Ms. Tynan's use of the pronoun "we" signals that Ms. Tynan's statements were made on behalf of her clients, the Defendants. Thus, Ms. Tynan's knowledge of the Complaint is synonymous with

Defendants' knowledge of the Complaint.

The statements reported on Xbiz.com prove that on or before the date of the article's publication, May 7, 2015, Defendants had a complete knowledge of the facts and allegations in the Complaint. The thirty-day removal period was triggered on or before May 7, 2015 when the Defendants were able to ascertain their purported grounds for removal from the face of the Complaint. The removal period ended thirty days later, on June 6, 2015. Defendants filed their Notice of Removal on July 22, 2015, 46 days after the thirty-day removal period ended. See Speed Decl., **Exhibit 4**. Thus, Defendants' July 22, 2015 Notice of Removal was untimely.

**C.    DEFENDANTS' NOTICE OF REMOVAL WAS DEFICIENTLY FILED AS IT DOES NOT INCLUDE ALL PLEADINGS SERVED ON DEFENDANTS PRIOR TO THEIR REMOVAL.**

Pursuant to 28 U.S.C. § 1446(a), a Notice of Removal must include the grounds for removal as well as "a copy of all process, pleadings, and orders served upon such …. defendants in such action." Though not controlling, albeit persuasive, sister circuits have held that 28 U.S.C. § 1447(c) authorizes remand if there is a "procedural defect in the removal of the case." *Russell Corp. v. American Home Assurance Co*., 264 F.3d 1040, 1043 (11th Cir. 2001); *Beard v. Lehman Brothers Holdings*, Inc., 458 F. Supp. 2d 1314, 1317 (M.D. Ala. 2006); *Landman v. Borough of Bristol*, 896 F. Supp. 406, 409 (E.D. Pa. 1995). These courts necessitate a strict compliance with removal statutes. *Id*.

Here, the FAC was filed on June 30, 2015. Plaintiff sent copies of the FAC along with Notices of Acknowledgement and Receipt via U.S. mail on July 1, 2015.  Defendants signed the Notices of Acknowledgement and Receipt on July 10, 2015. Plaintiff received copies of the signed Notices of Acknowledgment and Receipt via U.S. Mail on July 17, 2015. Thus, the FAC was a pleading in this action that was served upon the Defendants prior to their filing of the Notice of Removal on July 22, 2015. Defendants did not include a copy of the FAC in their Notice of Removal as required under 28 U.S.C. § 1446(a). This failure to comply U.S.C. §1446 makes Defendants' Notice of Removal procedurally deficient and is grounds for remand.

///

**D.   DEFENDANTS SHOULD BE ORDERED TO PAY PLAINTIFF'S ATTORNEYS'**
**FEES INCURRED AS A RESULT OF THEIR IMPROPER REMOVAL OF THIS**
**CASE.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); see *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The statutory purpose is to deter the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly. See *Circle Indus. U.S.A Inc., v. Parke Const. Group, Inc.*, 193 F.3d 105, 109 (2nd Cir. 1999). Because the statute unambiguously authorizes the award of attorney fees, no showing of bad faith on the part of the removing party is necessary to a fee award under 28 U.S.C. § 1447(c). See *Tenner v. Surek*, 168 F.3d 328, 329-330 (7th Cir. 1999).

As detailed above, the law unambiguously states that in-state defendants may not remove cases to federal court. 28 U.S.C. § 1441(b)(2). Defendants admit that they are California citizens. Exhibit 4, Notice of Removal ¶ 4-14. Moreover, Defendants knew of the Complaint on or before May 7, 2015, but waited to remove the action until 46 days after the removal period ended, on July 22, 2015. See Speed Decl., Exhibit 2; See Speed Decl. Exhibit 4.

Defendants improperly invoked this Court's jurisdiction. Should the Court grant Plaintiff's Motion to Remand, Plaintiff requests that the Court award all costs and fees associated with the motion, a total of **$4,250.00**. See Speed Decl., ¶ 3.

///

///

///

///

///

///

///

///

///

1    **V.    <u>CONCLUSION</u>**

2          For the foregoing reasons, Plaintiff requests that this Motion be granted and the case

3    remanded back to the Superior Court of the State of California, City and County of San

4    Francisco, where the action was originally filed. Moreover, Plaintiff requests that the costs and

5    attorneys' fees incurred be awarded as a result of the removal.

6

7    Dated: August 7, 2015                      Respectfully submitted,

8                                               RIBERA LAW FIRM

9

10

11                                  By: ___*/s/ Sandra Ribera Speed*_____
                                             Sandra Ribera Speed, Esq.

12                                           Attorneys for Plaintiff
                                             John Doe

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28